JESS R. CONNOR v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

(Filed 23 July, 1965.)

1. Courts § 20—

Where action is brought here on an insurance policy issued in another state to a resident of that state, the substantive laws of that state must be applied here.

2. Insurance § 60—

Insurer in a liability policy does not waive failure of insured to give notice by employing counsel to investigate under a reservation of rights, but insurer does waive failure to give notice as required by the policy if it undertakes to defend the action and breaches the duty to act diligently and in good faith in making such defense.

3. Insurance § 62—

Where plaintiff, in his action against the tort-feasor's insurer after return of judgment unsatisfied against the tort-feasor, admits the absence of the tort-feasor from the trial, the burden is upon plaintiff to establish reasonable justification of the tort-feasor's absence from the trial, and when the evidence is conflicting insurer is not entitled to nonsuit.

4. Same—

Failure of insured to give notice of accident and failure of insured to co-operate in defense of an action brought against him by the party injured in a collision with the insured's car, are separate, and submission of a single issue of waiver of both requirements, with the confusion augmented by a charge to the effect that the act of insurer in filing answer would waive a subsequent breach by insured of his obligation to cooperate in the defense, must be held for prejudicial error, the evidence being conflicting as to whether insured's absence from the trial against him and his failure to cooperate was justified.

APPEAL by defendant from Olive, E.J., Second Week, October 26, 1964 Civil Session of GUILFORD (Greensboro Division).

On July 1, 1962, Hill Wesley Auton (Auton), a resident of Roanoke, Virginia, was riding in his car in Guilford County. Catherine H. Moore (Moore) was acting as chauffeur for Auton. The Auton car collided with a car operated by plaintiff Connor. He was injured.

State Farm Mutual Automobile Insurance Company (State Farm) had, prior to the collision, issued to Auton an Assigned Risk automobile liability insurance policy, insuring Auton, as owner, and any person operating his car with his permission, against liability resulting from the operation of the vehicle. This policy was in force when the collision with the Connor car occurred.

The policy contained these provisions:

"When an accident occurs written notice shall be given by or on behalf of the insured to the Company or any of its authorized agents, as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and all reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of·available witnesses.

"No action shall lie against the Company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the Company.

"The insured shall cooperate with the Company and, upon the Company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits."

In November 1962, Connor instituted an action in the Superior Court of Guilford County (Greensboro Division) against Auton and Moore to recover compensation for injuries sustained when his car was struck by the Auton car. Auton and Moore were in that action represented by counsel selected and paid by State Farm. That case was tried on April 10, 1963 in Auton's absence. Connor recovered judgment against Auton and Moore for $2,500 and costs.

Plaintiff in this action seeks to hold State Farm liable under its policy for the sum recovered in his action against Auton and Moore.

Defendant denied liability to plaintiff, specifically pleading failure of its insured to comply with the quoted provisions of the policy.

Plaintiff replied. He alleged State Farm had waived compliance with the policy provisions and, by its conduct in defending the action in Guilford County in the absence of Auton and Moore, was estopped to deny its liability.

To determine the rights of the parties, the court submitted and the jury answered issues as follows:

"1. Did the insured, Hill Wesley Auton, give to the defendant, State Farm Mutual Automobile Insurance Company, notice of the accident which occurred on July 1, 1962, as soon as practicable under the terms of the policy of insurance sued upon?

"Answer: No.

"2. Did the insured, Hill Wesley Auton, cooperate with the defendant, State Farm Mutual Automobile Insurance Company, in accordance with the terms of the policy of insurance sued upon?

"Answer:  ............

"3. If not, did the defendant, by defending the said Hill Wesley Auton, waive the failure to give notice and cooperate?

"Answer: Yes.

"4. What amount, if any, is the plaintiff entitled to recover of the defendant?

"Answer: $2,500.00 and interest from April 12, 1963, until paid."

Judgment was entered in conformity with the verdict. Defendant excepted and appealed.

*Holt, McNairy and Harris for defendant appellant.*
*Hoyle, Boone, Dees & Johnson; J. B. Winecoff for plaintiff appellee.*

RODMAN, J. The contract on which plaintiff relies was issued in Virginia to a resident of that state. The rights and obligations of insured and insurer are fixed by the laws of Virginia. *Roomy v. Insurance Co.*, 256 N.C. 318, 123 S.E. 2d 817.

The Assigned Risk policy was issued to Auton, as permitted by § 38.1-264 of the Code of Virginia. The policy provisions quoted above may be incorporated in Assigned Risk policies issued in Virginia and will there be enforced as those provisions are interpreted by the courts of that state. *Virginia Farm Bureau Mutual Insurance Co. v. Saccio,* 204 Va. 769, 133 S.E. 2d 268.

We do not understand plaintiff in the present action challenges the validity of the quoted policy provisions. He bases his right to recover on an asserted waiver of those provisions, or an estoppel against defendant to rely on the policy provisions.

There is conflict in the evidence with respect to the date insured notified defendant of the collision with the Connor car. Defendant's evidence fixes the date as September 26, 1962; plaintiff's evidence tends to show notice was given earlier than the date claimed by defendant.

Shortly after defendant was notified of the accident, Auton and Moore agreed in writing that defendant might "investigate, negotiate, settle, deny or defend any claim arising out of an accident," and such action "shall not waive any of the rights" of insured or insurer under the contract of insurance. Thereafter, State Farm employed counsel to

represent Auton and Moore. This was not a waiver of any prior failure to comply with obligations imposed on insured by the policy.

When State Farm undertook the defense of Connor's action for damages, it owed its insured the duty to act diligently and in good faith. *Alford v. Insurance Co.*, 248 N.C. 224, 103 S.E. 2d 8; *Lumber Co. v. Insurance Co.*, 173 N.C. 269, 91 S.E. 946; *Home Indemnity Co. v. Snowden*, 264 S.W. 2d 642; *State Automobile Ins. Co. v. York*, 104 F. 2d 730; 29A Am. Jur., Insurance § 1464. If it failed in the performance of that duty, insured's failure to give notice of the accident became immaterial.

By express policy language, the insured is required to cooperate, attend hearings and trials and give evidence. He has a duty equal to that of the insurer to act diligently and in good faith. Hence when an insured fails, without justification, to attend the trial of his case in accordance with his promise, the insurer has the right to assert noncompliance with the cooperation provision of the policy.

We do not understand that appellee challenges the fact that Auton was duty bound to assist in the defense of the Connor case; or that it was Auton's duty, if he could, to be present when the case was tried in Greensboro. Plaintiff's position is that Auton was unavoidably detained and prevented from participating in the trial of Connor's action for damages.

Having judicially admitted by his pleadings that Auton did not attend the trial, the burden rested on plaintiff in this action to establish reasonable justification for Auton's absence, and the conduct of counsel employed by State Farm, estopping it from asserting Auton's failure to cooperate. He contends State Farm should have secured a continuance when requested by Auton or, failing to secure a continuance, it should have sought leave to withdraw.

The evidence relating to Auton's nonattendance and his reason for not attending is subject to more than one inference. Testifying as a witness for plaintiff in the present action, he said:

> "I then got a letter from State Farm, telling me they were defending the case under a reservation of rights. They told me the names of the attorneys and told me I had a duty to cooperate with those attorneys. I received a letter ten days to two weeks prior to April 10, 1963, telling me the case had been set for trial on that date. Afterwards, I told Mr. Martin I would be able to go down there and would go. * * * Neither Miss Moore nor I attended the trial on April 10, 1963. * * * I wrote to my attorneys in North Carolina that I would be there for trial. I told them Catherine Moore, my main witness, was in Goochland. This was the 3rd or 4th of April."

Explaining his failure to attend the trial, he testified his car was stolen on the 6th or 7th of April. The thief was apprehended and charged with larceny. The larceny case was set for trial in Roanoke on April 10. Auton was subpoenaed as a witness in the larceny case. He notified insurer's representative that, because required to be in Virginia on April 10, he would not be able to go to Greensboro on that date. He further testified: "I told Mr. Martin [insurer's agent] three days before the trial in Greensboro to get it postponed and that Miss Moore, whom I wanted as a witness, was in Women's Prison at Goochland."

Martin, on the other hand, testified he made several trips to Auton's home on April 9 to be assured that Auton would be in Greensboro the next day. He was unable to locate Auton until about 7:30 or 8:00 p.m. on the 9th. At that time, he reminded Auton that the Connor case would be tried in Greensboro the next day, and that it was imperative that Auton should attend. Not until then did insurer know that Auton was not planning to attend.

There is evidence from which it could be inferred that the criminal court in Virginia, being informed that Auton was expected to be in Greensboro on the 10th, continued the criminal case until a later date. This continuance afforded Auton time to go to Greensboro for the trial of his case. The evidence is not specific on the question of whether insurer requested a continuance of the Connor case when it learned that Auton would not attend. One might infer from the record that an effort was made by the insurer to secure a continuance of the Greensboro case, but this effort was unsuccessful. The record is silent on the question of whether insurer attempted to secure the attendance of defendant Moore or, failing in that because of her imprisonment, if she was imprisoned, to take her deposition.

Because of the conflict in the testimony, the court properly overruled defendant's motion for nonsuit.

The question presented for jury determination by issues one and two are unrelated. Defendant objected to the third issue. The pleadings and testimony made defendant's participation in the trial in Greensboro in April 1963 crucial on the question of liability. If defendant negligently proceeded to trial in the absence of insured, and without the benefit of their testimony, insurer would be liable. Did insurer seek a continuance when informed insured would not attend the trial? Was insured's non-attendance deliberate and without expectation of ever attending, as State Farm's agent implies? If so, should not insurer have then asserted its rights under the policy and requested permission for counsel to withdraw? See 7 Am. Jur. 2d, Automobile Insurance §§ 183 and 184; Anno: 70 A.L.R. 2d 1205, et seq.

The issue, as submitted, was confusing. It called for answers to two unrelated questions. The answers might well differ. The issue, as submitted, would not determine the rights of the parties. Submission was error. *Edge v. Feldspar Corp.*, 212 N.C. 246, 193 S.E. 2; *Emery v. R. R.*, 102 N.C. 209, 9 S.E. 139.

The confusion resulting from the way the third issue was formulated is best shown by the inquiry directed by the jury to the court and the court's response.

After a few minutes' deliberation, the jury returned for further instructions. It inquired if the first issue was answered "No," whether it would be necessary to answer issues two and three. In response to this request, the court charged: "Ladies and Gentlemen of the Jury, if you answer the first issue 'No,' you need not answer the second issue, but you would then go to the third issue." Defendant properly assigns this portion of the charge as error.

The error in this instruction is emphasized by defendant's 10th exception to that portion of the charge which reads:

> "On this issue, the plaintiff contends that you should be satisfied from the evidence and by its greater weight, if you have answered either one of these other issues 'Yes,' this plaintiff contends that you should be satisfied from the evidence and by its greater weight that the defendant waived that failure to give notice or failure to cooperate by going ahead and handling the case and defending the case and also looking after it and leading Auton to believe they were going ahead under the policy of insurance and not going to insist on those terms, or in other words, waive those terms and if they hadn't been, if they didn't consider themselves liable on the policy of insurance, they would just not have done anything about it, but they went on and, therefore, they waived those rights and by doing so, that they were not insisting on it and that, therefore, they had waived it, and that you should be so satisfied by the greater weight of the evidence and answer this third issue 'Yes.'"

The jury could well understand from the charge given that the filing of an answer by insurer for defendant would constitute a subsequent waiver of insured's breach of his obligation to cooperate. In no other portion of the charge does the court give the jury any rule to determine whether insurer had waived its rights, or by its conduct was estopped to claim the benefit of the cooperation clause of the policy.

For the reasons given, defendant is entitled to and there must be a **New trial.**