MARY ELLEN JOHNS AND JAMES M. BALEY, III, ANCILLARY ADMINISTRATOR OF THE ESTATE OF JESSE THOMAS JOHNS, PLAINTIFFS/APPELLEES v. AUTOMOBILE CLUB INSURANCE COMPANY AND ALLSTATE INSURANCE COMPANY, DEFENDANTS/APPELLANTS

No. 9428SC475

(Filed 4 April 1995)

1. Insurance § 101 (NCI4th)— contract made in Tennessee— parties residing in Tennessee—accident in North Carolina—Tennessee law applicable

Tennessee law governed coverage of the automobile insurance policy in question where there were no significant contacts with North Carolina in this action other than the fact that the injuries occurred in North Carolina; the contract was made in Tennessee; the parties intended to be obligated by the Tennessee policy; and the parties involved resided in Tennessee.

Am Jur 2d, Insurance § 332.

2. Insurance § 606 (NCI4th)— family member exclusion—no coverage pursuant to Tennessee law

Pursuant to Tennessee law, the family member exclusion in plaintiff's automobile policy excluded her recovery of uninsured/underinsured motorist benefits under her own policy for an accident that occurred while she was a passenger in her son's vehicle.

Am Jur 2d, Automobile Insurance §§ 291, 292.

Appeal by defendant Allstate Insurance Company from order entered 14 February 1994 by Judge Zoro J. Guice, Jr. in Buncombe County Superior Court. Heard in the Court of Appeals 25 January 1995.

## JOHNS v. AUTOMOBILE CLUB INS. CO.

[118 N.C. App. 424 (1995)]

*Gudger and Gudger, by Lamar Gudger and James H. Toms & Associates, P.A., by James H. Toms and Christopher A. Bomba, for plaintiffs/appellees.*

*Ball Barden Contrivo & Bell, P.A., by Frank J. Contrivo and Cynthia C. Harbin, for defendant/appellant Allstate.*

JOHNSON, Judge.

On 6 March 1992, plaintiff Mary Ellen Johns was a passenger in the left rear seat of a 1989 Ford Tempo passenger vehicle owned and driven by her son, Jerry C. Johns. Plaintiff Mary Ellen Johns' other son, Jesse T. Johns, rode in the right rear seat. At 5:50 p.m. on that rainy day, while traveling east on Interstate 26 in Buncombe County, North Carolina, Jerry C. Johns lost control of his vehicle on the wet pavement, crossed the median, and collided with three other vehicles. Jerry C. Johns and Jesse Johns were both killed in the collision, and plaintiff Mary Ellen Johns was injured. The three family members resided together in a mobile home in Maryville, Tennessee.

Plaintiff Mary Ellen Johns and plaintiff James M. Bailey as administrator of the estate of Jesse Johns filed a complaint alleging negligence on the part of Jerry C. Johns and seeking a declaratory judgment that Allstate Insurance Company as the uninsured motorist carrier for plaintiff Mary Ellen Johns, had coverage for injuries sustained by plaintiffs.

Jerry C. Johns was the sole named insured on an Automobile Club Insurance Company automobile insurance policy covering his 1989 Ford. Plaintiff Mary Ellen Johns was the sole named insured on an Allstate automobile insurance policy on a 1988 Isuzu.

Section II, Exclusions, Paragraph 2 of plaintiff Mary Ellen Johns' policy contains the policy terms concerning uninsured (UM)/underinsured (UIM) coverage, states that the UM/UIM coverage does not apply "to bodily injury to an insured . . . sustained by him while occupying an automobile . . . owned by . . . any relative resident in the same household."

Jerry C. Johns' Automobile Club policy contains a similar exclusion under its liability coverage. A "Tennessee Amendatory Endorsement" declines "Liability Coverage for any person for 'bodily injury' to you or any 'family member.'" "Family member" is defined, in part, as a person related by blood or marriage to the named insured, or to the named insured's co-resident spouse, "who is a resi-

dent of your (i.e., the named insured's or the named insured's spouse's) household."

Both policies were issued to plaintiff Mary Ellen Johns and Jerry C. Johns while they were residents of Tennessee, and residents of the same household. Jesse Johns was a member of the same household.

Both defendants admit plaintiffs' allegation that their companies have permission to do business in the State of North Carolina and that defendant Allstate "does business in Buncombe County, North Carolina." Defendant Allstate admitted that it provided liability and uninsured motorist coverage to plaintiff Mary Ellen Johns; this Allstate policy provides coverage throughout "the United States of America, its territories or possessions or Canada or between parts thereof. . . ."

Defendant Allstate contemporaneously with defendant Automobile Club Insurance Company moved for summary judgment. The motion was denied on 14 February 1994. Plaintiffs also moved for summary judgment on the coverage issue; the trial court allowed plaintiffs' motion. Defendant Allstate appeals. Defendant Automobile Club Insurance Company withdrew its appeal prior to filing of the record of appeal.

Defendant Allstate contends that the trial court committed reversible error in denying its motion for summary judgment and granting plaintiffs' motion for summary judgment on the issue of coverage.

[1] Defendant Allstate argues that Tennessee law should be applied to the construction of plaintiff Mary Ellen Johns' policy of insurance with defendant Allstate. The first issue to be resolved is which state's choice of law is to be applied, i.e., whether Tennessee contract law controls the insurance coverage and exclusions in the policy under review in the instant case or North Carolina's contract law.

Our Supreme Court has said that a contract of insurance is to be interpreted in accordance with the laws of the state where the contract was made and delivered, notwithstanding the fact that liability of the insured resulted from a collision occurring in North Carolina. *Roomy v. Insurance Co.*, 256 N.C. 318, 123 S.E.2d 817 (1962). *See also Connor v. Insurance Co.*, 265 N.C. 188, 143 S.E.2d 98 (1965). "Under North Carolina law, the substantive law of the state where the last act to make a contract occurs governs all aspects of the contract." *Tolaram Fibers, Inc. v. Tandy Corp.*, 92 N.C. App. 713, 717, 375

**JOHNS v. AUTOMOBILE CLUB INS. CO.**

[118 N.C. App. 424 (1995)]

S.E.2d 673, 675, *disc. review denied*, 324 N.C. 436, 379 S.E.2d 249 (1989); *See also Land Co. v. Wood*, 40 N.C. App. 133, 252 S.E.2d 546 (1979). This contract action was entered into in Tennessee where the parties resided; however, our analysis does not stop here simply because the contract was entered into in the state of Tennessee.

In *Collins & Aikman Corp. v. Hartford Accident & Indemnity Co.*, 335 N.C. 91, 436 S.E.2d 243 (1993), our Supreme Court applied North Carolina law even though the application for and delivery of the insurance contract occurred in California. The Court concluded North Carolina had close connections with the interests insured by the policy because most of the insured's vehicles were titled in North Carolina and the insured's transportation division was located in North Carolina. *Id.* Our Supreme Court in *Collins & Aikman Corp.* noting that the connection of the state with the interests insured is the preeminent issue, held that the law of North Carolina governs in interpreting the policy where North Carolina has *close connections* with the interests insured by the policy. *Id.*

In the case *sub judice*, close ties with North Carolina do not exist. There are no significant contacts with North Carolina in this insurance contract action other than the fact that the injuries occurred in North Carolina. All of the significant connections occurred in Tennessee. The contract was made in Tennessee, the parties intended to be obligated by the Tennessee policy, and the parties involved resided in Tennessee; thus, the accident is the only contact the parties had with North Carolina. Thus, Tennessee law governs coverage of the insurance policy herein.

Plaintiffs argue that we should not apply Tennessee law to determine the enforceability of the family member exclusion, because it conflicts with the statutory provisions in the North Carolina Financial Responsibility Act, North Carolina's public policy, and with the trends of North Carolina conflicts of law jurisprudence. We find plaintiffs' argument inapplicable in this instance.

Plaintiffs cite *Cannady v. R. R.*, 143 N.C. 439, 443, 55 S.E. 836, 838 (1906) to buttress their position that this Court should refrain from enforcing the Tennessee contract "when the contract violates the positive legislation of the State of the forum, that is, is contrary to its Constitution or statutes," or "when the contract violates the public policy of the State of the forum." *See also* 16 Am Jur 2d *Conflict of Laws* § 19.

North Carolina's legislature, in North Carolina's Financial Responsibility Act at North Carolina General Statutes § 20-279.21(b) (1993), has determined that family members are not to be excluded from primary or UM/UIM coverage. Our Supreme Court in *Smith v. Nationwide Mutual Ins. Co.*, 328 N.C. 139, 400 S.E.2d 44, *reh'g denied*, 328 N.C. 577, 403 S.E.2d 514 (1991), indicated in dicta that family member exclusions are contrary to North Carolina law and are thus, unenforceable.

Plaintiffs' arguments, though persuasive, are not applicable in the case *sub judice*. Our Supreme Court, quoting the United States Supreme Court, noted that "a state 'may not, on grounds of public policy, ignore a right which has lawfully vested elsewhere, if as here, the interest of the forum has but slight connection with the substance of the contract obligations.' " *Collins & Aikman Corp. v. Hartford Accident & Indemnity Co.*, 335 N.C. at 95, 436 S.E.2d at 245 (*quoting Hartford A. and I. Co. v. Delta and Pine Land Co.*, 292 U.S. 143, 78 L.Ed. 1178 (1934)). In this case, as in *Collins & Aikman*, the forum state has more than a casual connection. Thus, Tennessee law governs because significant connection exists with Tennessee and the connection with North Carolina is casual.

[2] We now consider whether defendant Allstate's policy provides coverage to plaintiffs under Tennessee law. The liability section of the policy provides coverage to the named insured with respect to the owned or a non-owned automobile, any resident of the named insured's household, and any relative with respect to a non-owned private passenger automobile. However, among the exclusions is a section which precludes coverage for:

[B]odily injury to any person who is related by blood, marriage or adoption to an insured against whom claim is made if such person resides in the same household as such insured; provided, however, that this exclusion shall apply only if a premium is indicated for a Coverage CC in the declarations of this policy[.]

In addition, the Uninsured Motorists Insurance section, Coverage SS, excludes "bodily injury to an insured . . . while occupying an automobile (other than an insured automobile) owned by a named insured or any relative resident in the same household, or through being struck by such an automobile[.]" Thus, plaintiffs are not covered or are otherwise excluded from coverage by defendant Allstate's policy.

**TOP LINE CONSTRUCTION CO. v. J. W. COOK & SONS**

[118 N.C. App. 429 (1995)]

Family member exclusions have resulted in splits of authority among states. *See Hill v. Nationwide Mut. Ins. Co.*, 535 S.W.2d 327 (1976). However, family member exclusions have been upheld under Tennessee law. *See Kirk v. State Farm Mutual Ins. Co.*, 200 Tenn. 37, 289 S.E.2d 538 (1956). *See also McManus v. State Farm Mutual Insurance Company*, 463 S.W.2d 702 (Tenn. 1971); *Holt v. State Farm Mutual Automobile Ins. Co.*, 486 S.W.2d 734 (Tenn. 1972); *Dockins v. Balboa Ins. Co.*, 764 S.W.2d 529 (Tenn. 1989). Accordingly, because Tennessee law is the applicable law, and plaintiff is not covered or is otherwise excluded under the liability section of the policy, defendant Allstate is not liable. The trial court erred in granting summary judgment for plaintiff; thus, the decision should be reversed and remanded.

Reversed and remanded for entry of declaratory judgment for defendant Allstate.

Chief Judge ARNOLD and Judge WYNN concur.