DAVID CARTNER, ANCILLARY ADMINISTRATOR OF THE ESTATE OF DIANNE ARTHUR, PLAINTIFF-APPELLEE v. NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, DEFENDANT-APPELLANT

No. COA95-1092

(Filed 16 July 1996)

**Insurance § 435 (NCI4th)— automobile liability insurance—no family member exclusion—coverage required by conformity clause**

Where a person is injured through the negligence of an insured family member while riding with that family member in an insured vehicle, North Carolina's Financial Responsibility Act prevents the operation of a family member exclusion in the policy's liability section to bar coverage; therefore, the trial court properly found that liability coverage for insured persons injured through the negligence of a family member while riding in an insured vehicle is a "kind of coverage" required by North Carolina's Financial Responsibility Act, and, pursuant to the language of the conformity provisions of the policy in question, defendant was required to adjust the limits of its Florida policy to provide such coverage to plaintiff's decedent as required by North Carolina.

**Am Jur 2d, Automobile Insurance § 247.**

**Validity, construction, and application of provision of automobile liability policy excluding from coverage injury or death of member of family or household of insured. 46 ALR3d 1024.**

**Who is "resident" or "member" of same "household" or "family" as named insured, within liability insurance provision defining additional insureds. 93 ALR3d 420.**

**Application of automobile insurance "entitlement" exclusion to family member. 25 ALR5th 60.**

Appeal by defendant from declaratory judgment entered 1 September 1995 by Judge Ronald K. Payne in Haywood County Superior Court. Heard in the Court of Appeals 22 May 1996.

*Elmore, Elmore & Williams, P.A., by Bruce A. Elmore, Jr. and Cynthia L. Cooke, for plaintiff-appellee.*

*Ball Barden Contrivo & Bell, P.A., by Frank J. Contrivo and Benjamin R. Olinger, Jr., for defendant-appellant.*

WALKER, Judge.

On 5 June 1994, plaintiff's decedent, Dianne Arthur, was killed when the vehicle in which she was a passenger went out of control on a rural road in Haywood County, North Carolina. At the time of the accident, the vehicle was being driven by Dianne Arthur's husband, Jerome S. Arthur. Plaintiff filed an action for a declaratory judgment holding defendant liable to Dianne Arthur's estate under an insurance policy covering the vehicle. Defendant admitted that the accident was the direct and proximate result of the negligence of Jerome Arthur, but denied liability to Dianne Arthur's estate under the policy. Both parties moved for summary judgment. On 1 September 1995, the trial court entered a declaratory judgment in favor of plaintiff.

The personal motor vehicle liability and automobile insurance policy at issue, Policy # 77 N 557771 (the Policy), was issued to Jerome S. Arthur and Dianne J. Arthur for the period from 2 June 1994 through 1 December 1994. The Policy provided coverage for two separate vehicles, including the automobile involved in the accident which precipitated the instant action. At the time the Policy was issued, the Arthurs were residents of Florida, and the Policy was issued in Florida.

The Policy provided for bodily injury liability coverage of $10,000 for each person or $20,000 for each occurrence. The Policy defined bodily injury to include death. Further, under the "Financial Responsibility" section, the Policy provided:

1. We will adjust the limits of coverages the policyholder has purchased to comply with the financial responsibility law of any state or province which requires higher limits.

2. Also, we will adjust the policy to include the limits *and kinds of coverage* required of non-residents by any compulsory motor vehicle law or similar law of a state or province other than Florida.

(emphasis added) (hereinafter "the conformity provisions"). The liability section of the Policy also contained a provision excluding cov-

erage for bodily injury to any insured or any member of an insured's family residing in the insured's household (hereinafter "the family member exclusion").

After making findings consistent with the above facts, the trial court found as follows:

9. That North Carolina General Statute 279.21(b)(2) provides that automobiles operated within the State of North Carolina maintain liability insurance within minimum limits of $25,000 for injury to any one person, and $50,000 for injury to two or more persons injured in any one accident.

10. That nowhere within N.C.G.S. 279.21(b)(2), Article 9A of Chapter 20, the Motor Vehicle Safety and Financial Responsibility Act, nor anywhere else in the General Statutes of North Carolina is it provided that an insurance company may exclude coverage to an insured who is injured through the negligence of a family member while riding in an insured vehicle operated by the family member.

The court then concluded that the Policy provided coverage to the decedent's estate.

The record reflects that although both parties moved for summary judgment, the trial court rendered its judgment based on plaintiff's motion for declaratory judgment under N.C. Gen. Stat. Chapter 1, Article 26. Thus, if the trial court's findings are supported by any competent evidence, they are conclusive on appeal, even if there is evidence which might sustain findings to the contrary. N.C. Gen. Stat. § 1-258 (1983); *Insurance Co. v. Allison*, 51 N.C. App. 654, 657, 277 S.E.2d 473, 475, *review denied*, 303 N.C. 315, 281 S.E.2d 652 (1981).

Defendant acknowledges on appeal that, by virtue of the conformity provisions, the Policy's per-person limit of $10,000 for liability would be increased to the North Carolina minimum amount of $25,000 if Dianne Arthur were entitled to liability coverage. However, defendant contends that the family member exclusion contained in the Policy operates to bar liability coverage to Dianne Arthur under the facts of this case. Plaintiff, on the other hand, argues that the conformity provisions of the Policy mandate that defendant provide the "kinds of coverage" required by North Carolina's Financial Responsibility Act (the Act) and that in conforming the Policy to the Act, the family member exclusion is rendered void.

CARTNER v. NATIONWIDE MUTUAL FIRE INS. CO.

[123 N.C. App. 251 (1996)]

Both parties agree that the Policy's provisions must be construed in accordance with the law of Florida, where the Policy was issued. *Roomy v. Insurance Co.*, 256 N.C. 318, 322, 123 S.E.2d 817, 820 (1962); *Johns v. Automobile Club Ins. Co.*, 118 N.C. App. 424, 426, 455 S.E.2d 466, 468, *review denied*, 340 N.C. 568, 460 S.E.2d 318 (1995). Defendant argues that under this rule of *lex loci*, the only relevant law is Florida law, which has consistently upheld the family member exclusion. In support of this argument, defendant cites the *Johns* case, where the plaintiffs, who were Tennessee residents related to each other and residing in the same household, were injured in an accident in North Carolina. *Johns*, 118 N.C. App. at 425, 455 S.E.2d at 467. The plaintiffs' Tennessee insurance policies contained family member exclusions, and the defendants denied coverage. *Id.* at 425-26, 455 S.E.2d at 467-68. Following the principle of *lex loci*, this Court held that Tennessee law should apply and that North Carolina's Financial Responsibility Act did not work to obviate the family member exclusions which had been repeatedly upheld by Tennessee courts. *Id.* at 428, 455 S.E.2d at 469.

Although *Johns* correctly applies the principle of *lex loci*, it does not control the instant case. The *Johns* decision makes no mention of any conformity clause in the Tennessee policy. With no indication that the *Johns* court considered such a provision, we differentiate the ruling in *Johns*. Thus, we are left with the language of the Policy itself, which, by its very terms, requires us to examine North Carolina law to determine the "kinds of coverage" afforded to Dianne Arthur thereunder.

We have found no North Carolina cases directly addressing the validity of a family member exclusion in the liability section of a North Carolina policy. The *Johns* court, citing *Smith v. Nationwide Mutual Ins. Co.*, 328 N.C. 139, 400 S.E.2d 44, *reh'g denied*, 328 N.C. 577, 403 S.E.2d 514 (1991), stated that "North Carolina's legislature, in North Carolina's Financial Responsibility Act at North Carolina General Statutes § 20-279.21(b) (1993), has determined that family members are not to be excluded from primary or UM/UIM coverage." *Johns*, 118 N.C. App. at 428, 455 S.E.2d at 469. In *Smith*, the court held that a family member exclusion contained in the liability section of a policy may not be applied to deny coverage under the UM/UIM provisions of the same policy. *Smith*, 328 N.C. at 153, 400 S.E.2d at 53. The *Smith* court declined to address the issue of whether a family member exclusion in the UM/UIM section of a North Carolina policy would be valid. *Id.* at 150, 400 S.E.2d at 51.

CARTNER v. NATIONWIDE MUTUAL FIRE INS. CO.

[123 N.C. App. 251 (1996)]

However, subsequent cases have squarely held that a family member exclusion contained in the UM/UIM section of a North Carolina policy is void. *Bray v. N.C. Farm Bureau Mut. Ins. Co.*, 341 N.C. 678, 684, 462 S.E.2d 650, 653 (1995) (regarding UM coverage); *Nationwide Mutual Ins. Co. v. Mabe*, 342 N.C. 482, 497, 467 S.E.2d 34, 43 (1996) (regarding UIM coverage). As the *Bray* court stated, "Since the primary purpose of the [Financial Responsibility Act] is to compensate innocent victims of financially irresponsible motorists, allowing the family member/household-owned vehicle exclusion to deny UM coverage would contravene the purpose of the [A]ct." *Bray*, 341 N.C. at 684, 462 S.E.2d at 653. *See also Mabe*, 342 N.C. at 493, 467 S.E.2d at 41 (purpose of the Financial Responsibility Act is to compensate innocent victims of financially irresponsible motorists).

Following the rationale of *Bray* and *Mabe*, we are of the opinion that where, as here, a person is injured through the negligence of an insured family member while riding with that family member in an insured vehicle, North Carolina's Financial Responsibility Act prevents the operation of a family member exclusion in the policy's liability section to bar coverage. To reach any other result would be to deny plaintiff's decedent a means of recovering under the Policy for her injuries caused by her husband's negligence. We do not think North Carolina's legislature intended to sanction such a result. Therefore, as the trial court found, liability coverage for insured persons injured through the negligence of a family member while riding in an insured vehicle is a "kind of coverage" required by North Carolina's Financial Responsibility Act. Pursuant to the language of the conformity provisions of the Policy, defendant was required to adjust the limits of its Florida policy to provide such coverage to plaintiff's decedent as required by North Carolina. Thus, the trial court correctly found that nothing in the Financial Responsibility Act provides that "an insurance company may exclude coverage to an insured who is injured through the negligence of a family member while riding in an insured vehicle operated by the family member." We hold the trial court correctly concluded that the Policy provides coverage to the estate of plaintiff's decedent.

The judgment of the trial court is

Affirmed.

Judges GREENE and MARTIN, JOHN C. concur.