FORTUNE INSURANCE COMPANY, Plaintiff v. GARY EDGAR OWENS, JOHNA R. HART, LOUIS L. GILMORE, Defendants

No. COA98-333

(Filed 2 March 1999)

1. **Insurance— North Carolina accident—policy subject only to Florida law**

   The trial judge did not err in an action arising from a North Carolina automobile accident by determining that an automobile liability policy was subject only to the law of Florida and that it did not extend coverage to defendants. All contracts of insurance on property, lives, or interests that have a close connection with North Carolina are deemed to have been entered in this state; in this case, the connection between North Carolina and the interests insured is too slight to allow interpretation of the policy in accordance with North Carolina law. The policy by its terms does not extend coverage to defendants in compliance with Florida's no fault insurance scheme.

FORTUNE INS. CO. v. OWENS

[132 N.C. App. 489 (1999)]

### 2. Insurance— coverage—estoppel

An insurance company was not estopped to deny coverage in an action arising from an automobile accident where defendants proceeded to trial with full knowledge that the insurance company contested coverage.

Appeal by defendants Johna R. Hart and Louis L. Gilmore from judgment filed 6 October 1997 and from amended judgment filed 13 October 1997 by Judge Claude S. Sitton in Mecklenburg County Superior Court. Heard in the Court of Appeals 27 October 1998.

*Kurdys & Lovejoy, P.A., by Jeffrey S. Bolster, for plaintiff-appellee.*

*Price, Smith, Hargett, Petho & Anderson, P.A., by Wm. Benjamin Smith, for defendant-appellants Johna R. Hart and Louis L. Gilmore.*

GREENE, Judge.

Johna R. Hart (Hart) and Louis L. Gilmore (Gilmore) appeal from the trial court's entry of judgment for Fortune Insurance Company (Fortune).

On 29 January 1990, in Mecklenburg County, North Carolina, a motor vehicle owned and driven by Gary Edgar Owens (Owens) struck a motor vehicle occupied by Hart and Gilmore. At the time of the accident, Owens' motor vehicle was covered by a policy of insurance (the Owens Policy) issued in Florida by Fortune, a Florida corporation. The Owens Policy provided, in pertinent part:

**CONFORMITY WITH LAW**

If any provision of this policy is contrary to any law to which it is subject, such provision is hereby amended to conform thereto.

**COVERAGE: PERSONAL INJURY PROTECTION**

[Fortune] will pay, in accordance with the Florida Motor Vehicle No Fault Law, as amended, to or for the benefit of the insured person: [enumerated damages] incurred as a result of bodily injury, caused by an accident arising out of the ownership, maintenance, or use of a motor vehicle and sustained by:

1. the named insured or any relative while occupying a motor vehicle or, while a pedestrian, through being struck by a motor vehicle; or

2. any other person while occupying the insured motor vehicle or, while a pedestrian, through being struck by the insured motor vehicle.

When Owens applied to Fortune for insurance approximately one month prior to the accident, he listed his address as Destin, Florida. Owens had a duplicate Florida driver's license issued to him at that time. In addition, the motor vehicle covered by the Owens Policy and involved in the 29 January 1990 wreck in North Carolina had Florida license plates and a Florida vehicle identification number.

Hart and Gilmore each filed suit against Owens in January of 1993. Fortune hired a Charlotte, North Carolina, attorney, Rex C. Morgan (Morgan), to represent Owens, and answers to Hart and Gilmore's complaints were filed on Owens' behalf. Morgan was never able to locate Owens and never had any contact with him. In July of 1995, Fortune notified Morgan that he should "close his files." Morgan immediately made a motion to withdraw as Owens' attorney, which was granted by the trial court. In his motion to withdraw, Morgan stated that Fortune had informed him when he was retained that it had "sent a reservation of rights letter to [Owens] and advised that it took the position that it had no coverage." No reservation of rights letter is contained in the record on appeal. Also in July of 1995, Fortune filed a Petition for Declaratory Judgment seeking a judicial determination that Fortune had no obligation to provide a defense to Owens or to pay any judgment that might be entered against Owens pursuant to the actions filed by Hart and Gilmore. Hart and Gilmore's answer, filed 20 September 1995, asserted that Fortune should be "estopped to deny coverage." A hearing was not held on Fortune's petition until October of 1997.

Hart and Gilmore's suits against Owens were consolidated and tried without a jury in January of 1997. Owens did not appear, and was not represented by counsel. The trial court determined that Owens was liable to Hart for $18,500.00 for personal injuries and was liable to Gilmore for $18,500.00 for personal injuries.

In October of 1997, at the hearing on Fortune's Petition for Declaratory Judgment, the trial court found that Owens was a Florida resident at the time the Owens Policy was entered, and that Owens'

vehicle had Florida plates and a Florida vehicle identification number. Based on these and other findings, the trial court concluded that Florida law applied to the interpretation of the Owens Policy because "there are no significant connections between the [Owens Policy] and the State of North Carolina and the [Owens] Policy was issued to a Florida resident in the State of Florida." The trial court further concluded that "Florida law does not require the extension of bodily injury liability coverage to [Hart and Gilmore] under the facts and circumstances of this case." The trial court ruled in Fortune's favor on the issue of estoppel. Accordingly, the trial court determined that Fortune was not obligated to pay the judgments obtained by Hart and Gilmore against Owens arising out of the 29 January 1990 automobile accident in Mecklenburg County, North Carolina. Hart and Gilmore appeal from the order of the trial court.

The issues are whether: (I) the Owens Policy "is subject" to North Carolina law; and (II) Fortune is estopped from denying coverage.

I

**[1]** Hart and Gilmore contend that the Owens Policy "is subject" to North Carolina law, and therefore must comply with our Financial Responsibility Act. Fortune, on the other hand, contends that the Owens Policy "is subject" only to the law of Florida.

Generally, an insurance contract "is subject" to the law of the state where the contract was entered. *See Roomy v. Insurance Co.*, 256 N.C. 318, 322-23, 123 S.E.2d 817, 820 (1962) (interpreting insurance contract in accordance with the law of the state where it was entered). All contracts of insurance on "property, lives, or interests" that have a close connection with North Carolina are deemed to have been entered in this state. *Collins & Aikman Corp. v. Hartford Accident & Indemnity Co.*, 335 N.C. 91, 95, 436 S.E.2d 243, 245 (1993) (construing N.C. Gen. Stat. § 58-3-1). Accordingly, North Carolina law has been applied to insurance contracts entered outside this state where the vehicles insured under the policy were registered in this state. *Id.*; *Martin v. Continental Ins. Co.*, 123 N.C. App. 650, 656, 474 S.E.2d 146, 149 (1996). Where the only connection to North Carolina is that the interests insured are in this state at the time of the accident, however, North Carolina law may not be applied. *Johns v. Automobile Club Ins. Co.*, 118 N.C. App. 424, 427, 455 S.E.2d 466, 468, *disc. review denied*, 340 N.C. 568, 460 S.E.2d 318 (1995).

**FORTUNE INS. CO. v. OWENS**

[132 N.C. App. 489 (1999)]

In this case, the connection between North Carolina and the interests insured is too slight to allow us to interpret the Owens Policy in accordance with North Carolina law. The "lives" and "interests" insured by the express terms of the Owens Policy were the lives of Owens, his relatives, occupants of Owens' vehicle, and pedestrians struck by Owens' vehicle. Hart and Gilmore fall within none of these categories. The trial court found that Owens was a resident of Florida at the time the Owens Policy was issued, and, as substantial evidence supports this finding, we are bound by it. *See Wright v. Auto Sales, Inc.*, 72 N.C. App. 449, 452, 325 S.E.2d 493, 495 (1985). The "property" insured, Owens' vehicle, had Florida plates and a Florida vehicle identification number. There is no evidence that Owens' vehicle was ever registered in North Carolina. It follows that the "property, lives, or interests" insured under the Owens Policy do not have a close connection with this state. Furthermore, the fact that Owens and his vehicle were present in this state at the time of the accident is insufficient to provide the necessary close connection. *See Johns*, 118 N.C. App. at 427, 455 S.E.2d at 468. Accordingly, the Owens Policy is not deemed to have been entered in this state; it therefore "is subject" to the law of Florida, the state where the contract was entered.

By its terms, the Owens Policy does not extend bodily injury liability coverage to Hart and Gilmore. The Owens Policy only covers injuries "sustained by . . . the named insured, . . . any relative [of the named insured], . . . any other person while occupying the insured motor vehicle, or . . . a pedestrian . . . struck by the insured motor vehicle." This provision complies with Florida's no-fault insurance scheme. *See* Fla. State. Ann. §§ 627.730-627.7405 (West 1996 & Supp. 1999). Accordingly, neither Hart nor Gilmore are covered parties under the Owens Policy.

II

**[2]** Hart and Gilmore alternatively contend that Fortune should be estopped from denying coverage. We disagree.

As a general rule, estoppel may not be used "to broaden the coverage of a policy so as to protect the insured against risks not included therein . . . ." *Currie v. Insurance Co.*, 17 N.C. App. 458, 459-60, 194 S.E.2d 642, 643 (1973). Where an insurer defends its insured without a reservation of its right to deny coverage, however, courts recognize an exception to this general rule and estop the insurer from subsequently denying coverage if the denial results in prejudice to a

party. *See Early v. Insurance Co.*, 224 N.C. 172, 174, 29 S.E.2d 558, 559-60 (1944) ("[T]he insurer having come in and assumed charge of the defense in the action of the plaintiff [without a reservation of its rights to deny coverage] and continued in charge of such defense until an adverse judgment was rendered against the insured, . . . the insurer cannot now be heard to deny liability . . . ."); *Insurance Co. v. Surety Co.*, 1 N.C. App. 9, 13, 159 S.E.2d 268, 272 (1968) (noting that estoppel is found where "the insurer, having knowledge of facts which would result in noncoverage, nevertheless assumes and conducts the defense of an action brought against its insured" without reserving its right to deny coverage); *see generally* 14 Ronald A. Anderson, *Couch on Insurance* §§ 51:82-51:99 (2d ed. 1982). The filing of a declaratory judgment action to clarify coverage issues "has the same effect as serving the insured with a reservation of rights." 2 Eric Mills Holmes, *Appleman on Insurance* § 8.4 (2d ed. 1996).

In this case, the record is equivocal as to whether Fortune reserved its right to deny coverage at the time it hired Morgan to undertake the representation of Owens. There is no reservation of rights letter in the record; however, Morgan's motion to withdraw states that he was informed by Fortune that it had "sent a reservation of rights letter to [Owens]." In any event, Fortune filed a petition for declaratory judgment denying coverage to Hart and Gilmore approximately one and a half years prior to trial. Accordingly, Hart and Gilmore proceeded to trial with full knowledge that Fortune contested coverage.

Affirmed.

Judges LEWIS and HORTON concur.