An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-768

NORTH CAROLINA COURT OF APPEALS

Filed: 20 May 2014

SUSAN HAUGH,
     Plaintiff,

v.                                    Mecklenburg County
                                      No. 10-CVS-19441
NATIONWIDE MUTUAL FIRE INSURANCE
COMPANY and NATIONWIDE PROPERTY
AND CASUALTY INSURANCE COMPANY,
     Defendants.


     Appeal by Plaintiff from judgment entered 13 December 2012

by  Judge A. Robinson Hassell in Mecklenburg County Superior

Court.  Heard in the Court of Appeals 9 January 2014.


     *Tin Fulton Walker & Owen, PLLC, by F. Lane Williamson and
     Nancy E. Walker, for Plaintiff-Appellant.*

     *Robinson, Elliott & Smith, by William C. Robinson and
     Katherine Tenfelde Armstrong, for Defendant-Appellees.*


     DILLON, Judge.


     Susan Haugh ("Plaintiff"), a South Carolina resident, was

insured under two insurance policies issued by Defendants and

delivered to her in South Carolina.  She appeals the judgment of

the trial court filed on 13 December 2012 dismissing her claims

against Defendants for Underinsured Motorist ("UIM") coverage

under those policies for injuries she sustained in a motorcycle accident, which occurred in North Carolina. For the following reasons, we affirm in part and modify in part the trial court's judgment.

## I. Factual & Procedural Background

Plaintiff has lived in South Carolina since the mid-1980's and worked for over 30 years in Charlotte, North Carolina. Around 2005, Plaintiff renegotiated the terms of and renewed an existing insurance policy ("Auto Policy") issued by Defendant Nationwide Property & Casualty Insurance Company to cover her two automobiles. The Auto Policy provided, *inter alia*, UIM coverage in the amount of $300,000.00. The Auto Policy was issued and delivered to Plaintiff's residence in South Carolina and was renewed on a six-month cycle.

In early 2007, Plaintiff purchased a second insurance policy ("Motorcycle Policy") from Defendant Nationwide Property & Casualty Insurance Company covering her motorcycle. However, Plaintiff declined to purchase the UIM coverage under the Motorcycle Policy – a decision she confirmed by signing a South Carolina "selection-rejection" form.

On 17 September 2007, Plaintiff was injured in an accident while operating her motorcycle in North Carolina (the

"Motorcycle Accident"). The accident was caused by the negligence of the driver of another vehicle. The negligent driver was covered under an automobile insurance policy providing a bodily injury liability limit of $50,000.00 per person, which amount was tendered to Plaintiff following the accident.

Plaintiff filed this action claiming she was entitled to UIM coverage under both the Auto Policy and the Motorcycle Policy. Defendants counterclaimed seeking a declaration that no UIM coverage was available under either policy for her injuries sustained in the Motorcycle Accident. A bench trial was conducted on 10 September 2012, during which the parties stipulated that Plaintiff's rejection of UIM coverage under her Motorcycle Policy was valid and binding. On 13 December 2012, the trial court dismissed Plaintiff's claims with prejudice and entered judgment in favor of Defendants, from which Plaintiff appeals.

## II. Analysis

In its judgment, the trial court concluded that South Carolina substantive law governed the interpretation of the Auto Policy and that the "Other Insurance" provision contained

therein is valid and enforceable under South Carolina substantive law.

The Auto Policy contained the following UIM coverage language (hereinafter referred to as the "Other Insurance" provision):

> If a vehicle owned by you or a relative is involved in an accident where you or a relative sustains bodily injury or property damage, this policy shall:
>
> (a) be primary if the involved vehicle is your auto described on this policy; or
> (b) be excess if the involved vehicle is not your auto described on this policy. The amount of coverage applicable under this policy shall be **the lesser of** the coverage limits under this policy or **the coverage limits on the vehicle involved in the accident.**

(emphasis added.) If the "Other Insurance" provision is determinative as to the amount of UIM coverage available under the Auto Policy for Plaintiff's injuries sustained in the Motorcycle Accident, then the amount of coverage available would be $0.00. Specifically, since her motorcycle is not an "auto described" on the Auto Policy, the amount of UIM coverage available is subject to the language contained in subsection (b). The language in subsection (b) provides that the amount of UIM coverage available under the Auto Policy for injuries arising from the Motorcycle Accident can be no more than "the

coverage limits" applicable under the Motorcycle Policy. Since Plaintiff had elected UIM coverage limits of $0.00 under her Motorcycle Policy, the amount of UIM coverage under the Auto Policy in this case is, likewise, $0.00. We agree with the trial court and affirm the judgment, subject to certain modifications striking findings of fact 2 and 5, for the reasons set forth below.

### A. South Carolina Substantive Law Applies

We agree with the trial court that the substantive law of South Carolina governs the interpretation of the Auto Policy. For cases filed in North Carolina, "the general rule is that an automobile insurance contract should be interpreted and the rights and liabilities of the parties thereto determined in accordance with the laws of the state where the contract was entered even if the liability of the insured arose out of an accident in North Carolina." *Fortune Ins. Co. v. Owens*, 351 N.C. 424, 428, 526 S.E.2d 463, 465-66 (2000). Further, "[w]ith insurance contracts the principle of *lex loci contractus* mandates that the substantive law of the state where the last act to make a binding contract occurred, *usually delivery of the policy*, controls the interpretation of the contract." *Id*. at 428, 526 S.E.2d at 466 (emphasis added). In the present case,

as reflected in the judgment, the parties stipulated that the Auto Policy was delivered to Plaintiff at her South Carolina residence. Accordingly, under the "general rule" announced in *Fortune*, South Carolina substantive law would apply to its interpretation.

Our Supreme Court recognizes an exception to the "general rule" in N.C. Gen. Stat. § 58-3-1 (2013), which provides, in relevant part, as follows:

> All contracts of insurance on property, lives, or interests in this State shall be deemed to be made therein[.][1]

*Id.* Our Supreme Court has construed N.C. Gen. Stat. § 58-3-1 to provide that North Carolina substantive law applies to insurance contracts--even where the contract was entered into in another state--so long as "a close connection exists between [North Carolina] and the interests insured by an insurance policy." *Fortune,* 351 N.C. at 428, 526 S.E.2d at 466. In the present case, the parties have stipulated that Plaintiff is a South Carolina resident, that the Auto Policy was written under South

---

[1] The remainder of this statute provides that a contract of insurance shall be deemed to have been made in North Carolina where the "application" of insurance was taken in North Carolina. However, in the present case the trial court found that the application for the Auto Policy was not taken in North Carolina; and, therefore, this portion of the statute is not relevant to our analysis.

Carolina law to conform with South Carolina law and that all of her vehicles identified in the Auto Policy were titled and registered in South Carolina. Based on these facts, we do not believe that there exists a "close connection" between North Carolina and the interests insured by the Auto Policy sufficient to trigger N.C. Gen. Stat. § 58-3-1, notwithstanding that the Motorcycle Accident occurred in North Carolina.

We find the present case to be analogous to *Johns v. Automobile Club Ins. Co.*, 118 N.C. App. 424, 455 S.E.2d 466, *disc. review denied*, 340 N.C. 568, 460 S.E.2d 318 (1995). In *Johns* the plaintiff, who resided in Tennessee with her husband and her adult son, was injured in an automobile accident while riding in her son's car in North Carolina. *Id.* at 425, 455 S.E.2d at 467. The plaintiff sought UM/UIM coverage under her own automobile policy, a policy that did not provide coverage for her son's vehicle. *Id.* Her insurance company denied UIM coverage, citing the "family member exclusion" provision therein, which stated that UM/UIM coverage did not apply if the insured sustained injuries while occupying a vehicle owned by a "relative resident in the same household." *Id.* The insurance company argued that the policy was governed by Tennessee substantive law and that the "family member exclusion" contained

therein was enforceable under Tennessee substantive law. *Id.* at 426, 455 S.E.2d at 468. The plaintiff, on the other hand, argued that the policy should be interpreted under North Carolina substantive law and that the "family member exclusion" was contrary to our Financial Responsibility Act, N.C. Gen. Stat. § 20-279.21(b) (1993), and, therefore, not enforceable. *Id.* at 427, 455 S.E.2d at 468-69. The trial court concluded that North Carolina substantive law applied and granted summary judgment for the plaintiff-insured. *Id.* at 426, 455 S.E.2d at 468. However, we reversed the trial court, concluding that Tennessee substantive law applied. *Id.* at 428-29, 455 S.E.2d at 469. In reaching this conclusion, we stated as follows:

> There are no significant contacts with North Carolina in this insurance contract action other than the fact that the injuries occurred in North Carolina. All of the significant connections occurred in Tennessee. The contract was made in Tennessee, the parties intended to be obligated by the Tennessee policy, and the parties involved resided in Tennessee; thus, the accident is the only contact the parties had with North Carolina. Thus, Tennessee law governs coverage of the insurance policy herein.

*Id.* at 427, 455 S.E.2d at 468.

Plaintiff makes a number of arguments to support her position that North Carolina substantive law, rather than South

Carolina law, governs the interpretation of the Auto Policy. However, we do not find these arguments persuasive.

First, Plaintiff argues that our Supreme Court's decision in *Collins & Aikman Corp. v. Hartford Acc. & Indem. Co.*, 335 N.C. 91, 436 S.E.2d 243 (1993), and our decision in *Martin v. Continental Ins. Co.*, 123 N.C. App. 650, 474 S.E.2d 146 (1996) support her contention that a "close connection," sufficient to trigger N.C. Gen. Stat. § 58-3-1, is present with respect to her Auto Policy. However, *Collins* and *Martin* are both distinguishable from the present case because the policies in those cases covered a fleet of company vehicles, many of which were titled and maintained in North Carolina, whereas the Auto Policy in the present case covered two private automobiles of a South Carolina resident that were titled and registered in South Carolina. *See Collins*, 355 N.C. at 93, 436 S.E.2d at 244; *Martin*, 123 N.C. App. at 651, 474 S.E.2d at 146. In *Collins*, the Supreme Court found a "close connection" between North Carolina and an insurance policy delivered in another state because most of the trucks that the policy covered, including the truck involved in the accident, were titled and garaged in North Carolina. 355 N.C. at 95, 436 S.E.2d at 246. The Supreme Court, though, specifically distinguished this holding from its

decisions in *Connor v. Insurance Co.*, 265 N.C. 188, 143 S.E.2d 98 (1965), and *Roomy v. Insurance Co.*, 256 N.C. 318, 123 S.E.2d 817 (1962), in which the Court concluded that North Carolina substantive law did not apply in those cases, recognizing that "*Connor* and *Roomy* involved automobile liability policies on vehicles owned by residents of other states . . . [and where the] vehicle in each case was titled in another state and the insurance policy was purchased in another state." *Collins*, 335 N.C. at 94, 436 S.E.2d at 245.

Second, Plaintiff argues that two of the findings contained in the judgment are inconsistent with the trial court's conclusion that North Carolina substantive law does not govern the interpretation of the Auto Policy. Defendants argue that these findings should be stricken from the judgment. First, Plaintiff cites the trial court's finding of fact 2, that "Plaintiff had more than casual, substantial and close contacts with the State of North Carolina[,]" arguing that this finding can only support a conclusion that Plaintiff has a "close connection" with North Carolina, and, therefore, North Carolina substantive law should govern the interpretation of the Auto Policy. To the extent that the phrase "more than casual, substantial and close contacts" is synonymous with the phrase

"close connection," we agree with Defendants that this finding is, in fact, a conclusion of law to be reviewed by this Court *de novo*. Though there is evidence that Plaintiff had connections with North Carolina--*e.g.*, that she worked in Charlotte for over 30 years, driving to work from her South Carolina residence; that she lived in North Carolina in the mid-1980s; and that she inherited land in North Carolina--we do not believe that under our case law such connections are sufficient to trigger the application of N.C. Gen. Stat. § 58-3-1 for a personal auto policy issued to a South Carolina resident covering her personal vehicles, all of which are titled, registered, and garaged in South Carolina. Accordingly, we modify the judgment by striking the trial court's statement that "Plaintiff had more than casual, substantial and close contacts with the State of North Carolina."

The second finding in the judgment cited by Plaintiff is finding of fact 5, which states that "[t]he 2005 insurance transaction for the purchase of the Auto Policy occurred within the State of North Carolina." We believe that the trial court intended to state that the transaction occurred in "South Carolina," and that its reference to "North Carolina" was made in error. We note that the trial court's statement is

immediately preceded by a finding that the "Auto Policy was not issued in North Carolina[,]" and immediately followed by a finding that "[t]he final act taken for the application with respect to the Auto Policy in 2005 occurred in South Carolina." In any event, even if the trial court intended to state that the transaction occurred in "North Carolina," we find no evidence to support such a finding. Defendants have requested that the finding be stricken from the judgment. Because the evidence does not support this finding, we agree and modify the judgment, striking finding of fact 5 from the judgment.

## B. The "Other Insurance" Provision Is Valid Under South Carolina Substantive Law

We agree with the trial court that under South Carolina substantive law, the "Other Insurance" provision in Plaintiff's Auto Policy, limiting the amount of UIM coverage available to Plaintiff thereunder for her injuries sustained in the Motorcycle Accident to $0.00, is valid and enforceable. Specifically, our interpretation of the "Other Insurance" provision is controlled by the South Carolina Supreme Court's decision in *Burgess v. Nationwide Mut. Ins. Co.*, 373 S.C. 37, 644 S.E.2d 40 (2007). Like the present case, *Burgess* involved an insured who purchased two policies, one covering his three autos for which he elected UIM coverage, and the other insuring

his motorcycle for which he declined UIM coverage.  *Id.* at 39, 644 S.E.2d at 41.  When he was injured on his motorcycle, he sought UIM coverage under his policy insuring his cars.  *Id.* This auto policy contained a provision identical to the Other Insurance Provision in the Auto Policy.  *Id.* at 39, 644 S.E.2d at 41-42.  The South Carolina Court of Appeals held that the provision was invalid and unenforceable under South Carolina substantive law.  *See Burgess v. Nationwide Mut. Ins. Co.*, 361 S.C. 196, 603 S.E.2d 861 (2004).  The South Carolina Supreme Court, however, reversed the Court of Appeals, concluding that the provision was valid, and, therefore, the amount of UIM coverage available to the insured for his motorcycle accident under his auto policy was $0.00:

> We hold that public policy is not offended by an automobile insurance policy provision which limits the portability of basic "at-home" UIM coverage when the insured has a vehicle involved in the accident. . . . Upholding this limit on portability encourages persons to purchase UIM insurance on all their vehicles. To hold, as did the [South Carolina] Court of Appeals, that basic UIM is portable even in this situation permits an individual who owns multiple vehicles to purchase UIM insurance on only one vehicle, yet have basic UIM coverage on all. We find this result undesirable.

*Burgess,* 373 S.C. at 42, 644 S.E.2d at 43.

Plaintiff argues that even if South Carolina law applies, she is, nonetheless, entitled to coverage. First, Plaintiff contends that since her Auto Policy was issued in 2005 which was prior to the South Carolina Supreme Court's reversal of the South Carolina Court of Appeals' 2004 decision in *Burgess*, the Auto Policy should be construed in accordance with that state's court of appeals decision, since that was the law in effect at the time the Auto Policy was issued. We find this argument unconvincing. We find nothing in the South Carolina Supreme Court's decision in *Burgess* to indicate that it was only to have a prospective effect. Second, Plaintiff argues that under the Auto Policy's conformity clause ("Conformity Clause"), the policy must adjust to provide coverage required by North Carolina, citing our opinion in *Cartner v. Nationwide Mut. Fire Ins. Co.*, 123 N.C. App. 251, 472 S.E.2d 389 (1996). The Conformity Clause in the Auto Policy provides as follows:

> We will adjust this policy to comply:
>
> 1. With the financial responsibility law of any state or province which requires higher liability limits than those provided by this policy.
> 2. **With the kinds and limits of coverage required** of non-residents by any compulsory motor vehicle insurance law, or similar law.

(Emphasis added). In *Cartner*, we held that a Florida automobile policy which contained a provision identical to the Conformity Clause in the Auto Policy "mandate[s] that [the insurer] provide the 'kinds of coverage' *required* by North Carolina's Financial Responsibility Act[.]" *Id.* at 253, 473 S.E.2d at 390 (emphasis added). In *Cartner*, a husband and wife from Florida purchased a Florida auto policy. *Id.* at 252, 473 S.E.2d at 389. The wife was subsequently killed in North Carolina while riding in a car driven by her husband. *Id.* The wife's estate sought coverage under the liability section of the policy. *Id.* The policy contained a "family member exclusion" which excluded from coverage injuries to any insured or member of the insured's household. *Id.* at 252-53, 473 S.E.2d at 390. We held that though Florida substantive law applied, the conformity provision in the policy increased the coverage to that which was "required" under North Carolina law. *Id.* at 254-55, 473 S.E.2d at 390-91. We further held that "liability coverage for insured persons injured through the negligence of a family member while riding in the insured vehicle is a 'kind of coverage' *required* by North Carolina's Financial Responsibility Act." *Id.* at 255, 473 S.E.2d at 391. Accordingly, we held that the conformity clause in the Florida policy operated to adjust the limits of

that policy to provide coverage to the wife's estate, since such coverage is required by North Carolina law. *Id.*

The present case is distinguishable from *Cartner*. Unlike the "kind of insurance" involved in *Cartner*, which was "required" by the Financial Responsibility Act, the present case involves a kind of insurance that is not required under North Carolina law. The purpose of the Conformity Clause is not to require that the other clauses under the contract to be subject to interpretation under North Carolina substantive law. Indeed, like in *Cartner*, the policy is still governed by the substantive law of the state where the policy was delivered. Rather, its purpose is to provide *additional coverage* not otherwise provided in the policy, which, in this case, would be the "kinds and limits of coverage" that is required by North Carolina law. Applying South Carolina substantive law, the amount of UIM coverage applicable under the Other Insurance provision is $0.00. North Carolina law does not *require* an insured to carry more than $0.00 of UIM coverage. Therefore, we do not believe that the Conformity Clause operates to create UIM coverage for Plaintiff in this case.

III. CONCLUSION

We modify the judgment by striking findings of fact 2 and 5. We affirm the judgment in all other respects.

AFFIRMED in part, MODIFIED in part.

Judge STROUD and Judge HUNTER, JR. concur.

Report per Rule 30(e).