ALINE JOAN IODICE, JAMES V. IODICE AND MARY J. IODICE, PLAINTIFFS v.
THOMAS RICHARD JONES, DEFENDANT

No. COA98-770

(Filed 20 April 1999)

**Insurance— automobile—UIM—allocation of liability settlement—primary and excess carriers**

The trial court erred in a declaratory judgment action to determine the allocation of a set-off between UIM carriers where plaintiff was injured while riding in a vehicle owned by Robert Penny; the other vehicle was at fault and the liability carrier settled for $62,500; plaintiff's damages exceeded the settlement; the carriers of the Penny vehicle (Nationwide) and a family member policy which covered plaintiff (Geico) each sought UIM credit for the settlement; and the trial court ordered that the set-off be shared pro rata to their respective UIM limits ($31,250 each). The "other insurance" clauses in each policy are identically worded, but do not have identical meanings. Because the vehicle in which the accident occurred is owned by Penny, it follows from the wording of the clause that Nationwide's UIM coverage is primary and Geico's coverage is excess. Nationwide is entitled to set-off the entire $62,500 settlement because the primary provider is entitled to the credit for the liability coverage; however, the excess UIM coverage does not apply until the liability coverage and the primary UIM coverage are exhausted.

Appeal by unnamed defendant, Nationwide Mutual Insurance Company, from judgment filed 20 April 1998 by Judge Melzer A. Morgan, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 16 March 1999.

*Teague, Rotenstreich & Stanaland, L.L.P., by Kenneth B. Rotenstreich and Ian J. Drake, for unnamed defendant-appellant Nationwide Mutual Insurance Company.*

*Womble Carlyle Sandridge & Rice, PLLC, by Allen R. Gitter and Jack M. Strauch, for unnamed defendant-appellee Government Employees Insurance Company.*

*No brief filed for plaintiffs or for named defendant.*

**IODICE v. JONES**

[133 N.C. App. 76 (1999)]

GREENE, Judge.

Nationwide Insurance Company (Nationwide) appeals from the trial court's declaratory judgment ordering Nationwide and Government Employees Insurance Company (GEICO)[1] to "share the $62,500 set off credit . . . *pro rata* in proportion to their respective limits of underinsured motorist [(UIM)] coverage."

The facts of this case are not in dispute. Aline Joan Iodice (Iodice) was injured in an automobile accident while riding as a passenger in a vehicle driven by Fiona Margaret Penney (Fiona) and owned by Robert A. Penney (Penney). All parties agree that Thomas Richard Jones (Jones), the driver of the other vehicle involved in the accident, was at fault. Liability insurance for Jones's vehicle was provided by Integon Insurance Company (Integon). Iodice settled her claim against Jones for $62,500.00, which amount was paid by Integon pursuant to Jones's policy. Iodice's damages exceed the $62,500.00 received from Integon.

At the time of the accident, the Penney vehicle was insured by Nationwide under a policy issued to Penney and listing Fiona as an authorized driver. Nationwide's policy provided UIM coverage up to $100,000.00 per person and $300,000.00 per accident for Iodice, as a "person occupying" the Penney vehicle. Iodice was also covered under her mother's GEICO insurance policy, as a "family member" of the named insured. The GEICO policy likewise provided UIM coverage up to $100,000.00 per person and $300,000.00 per accident. Both the GEICO policy and the Nationwide policy contain the following "other insurance" paragraph:

> [I]f there is other applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance.

"You" is defined, in both policies, as the named insured and spouse.

GEICO filed a motion for declaratory judgment seeking a judicial determination of the proper allocation of the $62,500.00 set-off credit (arising from Integon's payment to Iodice) against the UIM amounts owed to Iodice by GEICO and Nationwide.[2] The trial court ordered

---

1. Both Nationwide and GEICO are unnamed defendants in this action.

2. UIM carriers are entitled to set off the amount received by a claimant from the tortfeasor's liability carrier against any UIM amounts owed. *Onley v. Nationwide*

GEICO and Nationwide to share the $62,500.00 set-off credit *pro rata* in proportion to their respective limits of UIM coverage, entitling GEICO and Nationwide to set off any UIM amounts respectively owed by $31,250.00 each. Nationwide appeals, contending it is entitled to set off the entire $62,500.00 against any UIM amount it owes.

---

The only question presented for our review is whether Nationwide is entitled to the entire $62,500.00 set-off credit.

Where it is impossible to determine which policy provides primary coverage due to identical "excess" clauses, "the clauses are deemed mutually repugnant and neither . . . will be given effect." *N.C. Farm Bureau Mut. Ins. Co. v. Hilliard*, 90 N.C. App. 507, 511, 369 S.E.2d 386, 388 (1988); *Onley v. Nationwide Mutual Ins. Co.*, 118 N.C. App. 686, 690, 456 S.E.2d 882, 884 ("[W]e read the policies as if [mutually repugnant excess] clauses were not present."), *disc. review denied*, 341 N.C. 651, 462 S.E.2d 514 (1995).

In this case, the "excess" clause of the "other insurance" paragraph in each policy provides: "[A]ny insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance." If we deem these clauses mutually repugnant and read the policies as if neither "excess" clause is present, the remaining language of the "other insurance" paragraph in each policy provides that Nationwide and GEICO must each "pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits." Accordingly, if the identically worded "excess" clauses in the Nationwide and GEICO policies prevent a determination of which policy provides primary UIM coverage, a *pro rata* allocation of UIM coverage and credit from the Integon payment is appropriate.

Nationwide contends, however, that the "other insurance" clauses in this case, although identically worded, do not have identical meanings and are therefore not mutually repugnant. We agree. Because "you" is expressly defined as the named insured and spouse, the Nationwide "excess" clause reads: "[A]ny insurance we provide with respect to a vehicle [Penney] do[es] not own shall be excess over any other collectible insurance." It follows that Nationwide's UIM coverage is *not* "excess" over other collectible insurance (and is, therefore, primary), because the vehicle in which the accident

---

*Mutual Ins. Co.*, 118 N.C. App. 686, 690, 456 S.E.2d 882, 885, *disc. review denied*, 341 N.C. 651, 462 S.E.2d 514 (1995).

occurred is owned by Penney. The GEICO "excess" clause reads: "[A]ny insurance we provide with respect to a vehicle [Iodice's mother] do[es] not own shall be excess over any other collectible insurance." It follows that GEICO's UIM coverage is "excess" (and is, therefore, secondary), because the vehicle in which the accident occurred is not owned by Iodice's mother. Accordingly, Nationwide provides primary UIM coverage in this case. As such, Nationwide is entitled to set off the entire $62,500.00 against any UIM amounts it owes Iodice, because "the primary provider of UIM coverage . . . is entitled to the credit for the liability coverage. The excess UIM coverage providers still get the benefit of the credit for the coverage because their UIM coverage does not apply until the liability coverage and the primary UIM coverage are exhausted." *Falls v. N.C. Farm Bureau Mut. Ins. Co.*, 114 N.C. App. 203, 208, 441 S.E.2d 583, 586, *disc. review denied*, 337 N.C. 691, 448 S.E.2d 521 (1994).[3] We have stated that "to share the liability in proportion to the coverage but not the credit in a like manner is irrational." *Onley*, 118 N.C. App. at 691, 456 S.E.2d at 885. It would likewise be irrational to impose primary liability for UIM coverage on an insurer without applying the set-off credit "in a like manner." Accordingly, Nationwide, the primary UIM provider, is entitled to set off the full $62,500.00 paid by Integon against any UIM amounts it owes Iodice.

Reversed and remanded.

Judges LEWIS and HORTON concur.

---

3. The holding in *N.C. Farm Bureau Mut. Ins. Co. v. Bost*, 126 N.C. App. 42, 51-52, 483 S.E.2d 452, 458-59, *disc. review denied*, 347 N.C. 138, 492 S.E.2d 25 (1997), is distinguishable and thus is not determinative of this case. *Bost* required a *pro rata* division of the set-off credit where the "other insurance" clauses were identically worded, in part because the plaintiff therein was a Class I insured under both policies. *Bost*, 126 N.C. App. at 52, 483 S.E.2d at 458 ("All persons in the first class are treated the same for insurance purposes."). In this case, Iodice is a Class II insured under the Nationwide policy (as a guest of the named insured) and a Class I insured under the GEICO policy (as a relative of the named insured). A Class II insured may be treated differently than a Class I insured. *See, e.g., Nationwide Mutual Ins. Co. v. Silverman*, 332 N.C. 633, 638, 423 S.E.2d 68, 71 (1992).