**BEDDARD v. McDANIEL**

[183 N.C. App. 476 (2007)]

FRANKLIN ROOSEVELT BEDDARD A/K/A ROOSEVELT BEDDARD AND LOIS EDWARD BEDDARD, PLAINTIFFS v. MELISSA LAURIN McDANIEL, JONATHAN MARK COOK, AND UNIVERSAL UNDERWRITERS INSURANCE COMPANY, DEFENDANTS

No. COA06-1039

(Filed 5 June 2007)

**Insurance— business vehicle policy—injury while driving personal vehicle—UIM coverage—policy endorsement**

Plaintiffs were entitled to underinsured motorist (UIM) coverage under a business vehicle policy even though they were driving an automobile not listed in the policy at the time of an accident because: (1) plaintiffs were named as "designated individuals" on the Elective Options Form for UIM coverage and, as such, qualified under an endorsement of the policy as "named insureds" for the UIM coverage part of the policy; (2) UIM coverage follows the person and not the vehicle; and (3) the "owned vehicle" exclusion of the policy does not apply when the persons injured in a collision are named insureds in the policy.

Appeal by defendants from orders entered 30 March 2006 and 30 May 2006 by Judge Russell J. Lanier, Jr. in Onslow County Superior Court. Heard in the Court of Appeals 19 March 2007.

*The Barber Law Firm, P.A., by Timothy C. Barber, for plaintiffs-appellees.*

*Wallace, Morris, Barwick, Landis & Stroud, P.A., by P.C. Barwick, Jr. and Kimberly Connor Benton, for defendants-appellants.*

WYNN, Judge.

In North Carolina, insurance coverage for damages caused by uninsured and underinsured motorists "follows the person, not the vehicle,"[1] such that an "owned vehicle" exclusion will not apply if the individuals injured in a collision are the named insureds in the policy.[2] Here, we find that the plaintiffs were the "named insureds" and therefore conclude that the "owned vehicle" exclusion does not

---

1. *Nationwide Mut. Ins. Co. v. Mabe,* 115 N.C. App. 193, 204, 444 S.E.2d 664, 671 (1994) (quoting *Smith v. Nationwide Mut. Ins. Co.,* 328 N.C. 139, 149, 400 S.E.2d 44, 50 (1991)), *aff'd,* 342 N.C. 482, 467 S.E.2d 34 (1996).

2. *Mabe,* 342 N.C. at 497, 467 S.E.2d at 43.

apply. Accordingly, we affirm the trial court's grant of summary judgment to the plaintiffs.

On the evening of 15 May 2001, Defendant Melissa Laurin McDaniel made a left turn from a public driveway in order to travel northwest on U.S. Highway 258. After crossing the oncoming southeasterly lanes and the center turn lane, her vehicle collided with the vehicle of Plaintiffs Franklin Roosevelt Beddard and Lois Edward Beddard, who were already traveling northwest on U.S. Highway 258. Following the accident, the Beddards filed a complaint against Ms. McDaniel for recovery of damages due to the injuries sustained by Mr. Beddard in the collision and for Ms. Beddard's loss of consortium with her husband. As part of that cause of action, the Beddards also sought a declaratory judgment that they were entitled to uninsured/underinsured motorist (UIM) coverage under their insurance policy with Defendant Universal Underwriters Insurance Company (Universal Insurance).

As provided by the policy, endorsements, North Carolina state amendatory part, and declarations, the relevant portions of the UIM Coverage Part of the Beddards' insurance policy with Universal Insurance read as follows:

. . . WE will pay all sums the INSURED is legally entitled to recover as compensatory DAMAGES from the owner or driver of an UNINSURED MOTOR VEHICLE. . . .

**DEFINITIONS**—When used in this Coverage Part:

. . .

"COVERED AUTO" means any land motor vehicle, trailer or semi-trailer designed for travel on public roads which is insured by this Coverage Part and shown on the declarations.

"OWNED AUTO" MEANS AN AUTO YOU OWN OR LEASE AND IS SCHEDULED IN THE DECLARATIONS, ANY AUTO YOU PURCHASE OR LEASE AND ITS REPLACEMENT DURING THE COVERAGE PART PERIOD. . . . [Endorsement 203]

**WHO IS AN INSURED**—With respect to this Coverage Part, the individual (and any FAMILY MEMBER) designated on the declarations as subject to this endorsement and any passengers in a COVERED AUTO driven by the designated individual. [Endorsement 092]

**EXCLUSIONS**—This Insurance does not apply

. . .

(d) BODILY INJURY sustained by:

    a. YOU while OCCUPYING or when struck by any vehicle owned by YOU that is not a covered AUTO for Uninsured Motorists Coverage under this Coverage Form.

[N.C. State Amendatory Page 2-F]

The three "Designated Individuals" named on the Elective Options Form for UIM coverage are Roosevelt and Evelyn Beddard and Chris Davis Beddard. The Name of Insured, as written on that form, is Beddard's Affordable Tire & Auto.

On 16 September 2005, Universal Insurance filed a motion for summary judgment against the Beddards, who filed a response to the motion on 24 February 2006. After a hearing, the trial court entered an order on 30 March 2006 denying Universal Insurance's motion for summary judgment. The trial court then entered an amended order on 30 May 2006, which again denied Universal Insurance's motion for summary judgment and also granted summary judgment to the Beddards, concluding as a matter of law that they are entitled to UIM coverage under their Universal Insurance policy.

Universal Insurance entered timely notice of appeal from the 30 March and 30 May orders, arguing to this Court that the trial court erred by denying their motion for summary judgment and by granting summary judgment to the Beddards. Universal Insurance specifically contends that the Beddards' insurance policy excluded UIM coverage for the injuries they sustained in the 15 May 2001 accident because they were not driving a "covered auto" within the meaning of the policy at the time of the collision. We disagree.

Summary judgment is properly granted when the evidence, viewed in the light most favorable to the non-moving party, shows no genuine issue of material fact. *See Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998) (citation omitted); *see also* N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005). The party moving for summary judgment bears the burden of establishing the lack of any triable issue of fact. *N.C. Farm Bureau Mut. Ins. Co. v. Fowler*, 162 N.C. App. 100, 102, 589 S.E.2d 911, 913 (2004). When reviewing the evidence, this Court must view it in the light most favorable to the non-moving party. *Id.*

In *Nationwide Mutual Insurance Company v. Mabe*, our Supreme Court affirmed this Court's earlier ruling that an "owned vehicle" exclusion in the UIM section of a business vehicle insurance policy, which "purports to deny UIM coverage to a family member injured while in a family-owned vehicle not listed in the policy at issue," violates Section 20-279.21(b)(4) of the North Carolina Motor Vehicle Safety and Financial Responsibility Act. 342 N.C. 482, 495-97, 467 S.E.2d 34, 41-43 (1996), *aff'g* 115 N.C. App. 193, 444 S.E.2d 664 (1994). The statute recognizes two classes of "persons insured": "(1) the named insured and, while resident of the same household, the spouse of the named insured and relatives of either and (2) any person who uses with the consent, express or implied, of the named insured, the insured vehicle, and a guest in such vehicle." *Id.* at 495-96, 444 S.E.2d at 42 (internal quotations and citations omitted); *see also* N.C. Gen. Stat. § 20-279.21(b)(3) (2005).

Thus, as noted by this Court and our Supreme Court, "UM/UIM coverage follows the person, not the vehicle." *Smith v. Nationwide Mut. Ins. Co.*, 328 N.C. 139, 149, 400 S.E.2d 44, 50 (1991); *Mabe*, 115 N.C. App. at 204, 444 S.E.2d at 671. As such,

> Members of the first class are "persons insured" for the purposes of UIM coverage where the insured vehicle is not involved in the insured's injuries. Members of the second class are "persons insured" for the purposes of UIM coverage only when the insured vehicle is involved in the insured's injuries.

*Mabe*, 342 N.C. at 496, 467 S.E.2d at 42 (internal citations omitted).

Here, as in *Mabe*, the Beddards were driving a vehicle not listed in their Universal Insurance insurance policy at the time of the collision with Ms. McDaniel, the underinsured motorist. Universal Insurance argues, however, that *Mabe* should not control in this case because the insurance policy was taken to cover Beddard's Affordable Tire & Auto and, as such, was intended to protect their corporate used car business rather than from all lawsuits. They contend that the "owned vehicle" exclusion would therefore not be in violation of the North Carolina Motor Vehicle Safety and Financial Responsibility Act and should be applied to bar the Beddards from the UIM coverage.

We find this argument to be without merit. Again, our Supreme Court has expressly held that UIM coverage follows the person, not the vehicle. The Beddards were named as "designated individuals" on the Elective Options Form for UIM coverage; as such, and as con-

ceded by Universal Insurance in its brief, they qualify under Endorsement 092 of the policy as "named insureds" for the UIM Coverage Part. The facts and holding of *Mabe* are thus squarely on point. In light of the purpose of the Financial Responsibility Act "to allow an insured injured party to recover damages when the tortfeasor has insurance, but his coverage is in an amount insufficient to compensate fully the party," *id.* (quotation omitted), we see no reason to make an exception and allow the "owned vehicle" exclusion to apply simply because Universal Insurance believes the Beddards purchased insurance for a different reason than what the policy expressly protects them against and for which they paid additional premiums.

Accordingly, we conclude that the trial court acted properly in granting summary judgment to the Beddards.

Affirmed.

Chief Judge MARTIN and Judge GEER concur.