IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-458

Filed: 5 May 2020

Guilford County, No. 18-CVS-8688

NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, INC.,
Plaintiff,

v.

JUDY LUNSFORD, Defendant.

Appeal by Defendant from Order and Declaratory Judgment entered 3 February 2019 by Judge Michael D. Duncan in Guilford County Superior Court. Heard in the Court of Appeals 13 November 2019.

*William F. Lipscomb for the Plaintiff-Appellee.*

*Burton Law Firm, PLLC, by Jason M. Burton, for the Defendant-Appellant.*

BROOK, Judge.

Judy Lunsford ("Defendant") appeals from the trial court's grant of a motion for judgment on the pleadings in favor of North Carolina Farm Bureau Mutual Insurance Company, Inc. ("Plaintiff") and issuance of a declaratory judgment that Defendant is not entitled to underinsured motorist coverage under her policy issued by Plaintiff. We affirm the Order and Declaratory Judgment of the trial court.

I. Factual and Procedural Background

On 22 May 2017, Defendant was a passenger in her sister's 2015 Chevrolet Silverado when the two were involved in a tragic accident. Defendant's sister lost control of the vehicle, ran over the median, and collided head-on with an oncoming 18-wheeler traveling in the opposite lane of traffic. Defendant's sister lost her life in the accident and Defendant suffered serious injuries. The accident occurred in DeKalb County, Alabama. At the time of the accident, Defendant was a resident of North Carolina and her sister was a resident of Tennessee.

At the time of the accident, both Defendant and her sister carried automotive insurance. Defendant's policy was issued by Plaintiff in North Carolina and her sister's policy was issued by Nationwide in Tennessee, where each resided in May 2017. The coverage amounts in the policies are similar. Both policies limit the respective insurer's liability for personal injuries to $100,000 per occurrence and for injuries to under- or un-insured motorists to $100,000 per occurrence.

Plaintiff initiated an action for a declaratory judgment on 24 October 2018 in Guilford County Superior Court requesting a determination that the underinsured motorist coverage in the policy it issued Defendant did not apply to the accident because her underinsured motorist coverage limits equaled her sister's personal injury coverage, meaning Defendant was not underinsured at the time of the accident. After Defendant answered, Plaintiff moved the trial court for judgment on the pleadings on 19 December 2018 under Rule 12(c) of the North Carolina Rules of

Civil Procedure. Following a 28 January 2019 hearing on the matter, the trial court granted Plaintiff's motion and entered an Order and Declaratory Judgment in favor of Plaintiff on 13 February 2019. Plaintiff entered timely notice of appeal on 14 March 2019.

## II. Analysis

The dispositive issue in this appeal is whether the vehicle in which Defendant was traveling with her sister at the time of the May 2017 accident qualified as an "underinsured motor vehicle" as that term is defined under North Carolina law. Because it did not, we affirm the Order and Declaratory Judgment of the trial court.

## A. Standard of Review

Under Rule 12(c) of the North Carolina Rules of Civil Procedure, "any party may move for judgment on the pleadings." N.C. Gen. Stat. § 1A-1, Rule 12(c) (2019). "A motion for judgment on the pleadings should not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Carpenter v. Carpenter*, 189 N.C. App. 755, 761, 659 S.E.2d 762, 767 (2008). However, the motion should be granted when "the moving party has shown that no material issue of fact exists . . . and that he is clearly entitled to judgment." *Affordable Care v. N.C. State Bd. of Dental Exam'rs*, 153 N.C. App. 527, 532, 571 S.E.2d 52, 57 (2002). "This Court reviews a trial court's

grant of a motion for judgment on the pleadings *de novo*." *Carpenter*, 189 N.C. App. at 757, 659 S.E.2d at 764.

B. Underinsured Motorist Coverage Under North Carolina Law

North Carolina law defines "underinsured motor vehicle" as

> a highway vehicle with respect to the ownership, maintenance, or use of which, the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is *less* than the applicable limits of underinsured motorist coverage for the vehicle involved in the accident and insured under the owner's policy.

N.C. Gen. Stat. § 20-279.21(b)(4) (2019) (emphasis added). The statutory definition thus requires that the "sum of the limits of liability under all bodily injury liability . . . insurance policies applicable" be *less* "than the applicable limits of underinsured motorist coverage" for a vehicle involved in an accident to be considered underinsured. *Id.*

Whether an underinsured motorist policy is applicable at the time of an accident under N.C. Gen. Stat. § 20-279.21(b)(4) depends upon whether the claimant qualifies as a "person insured" as that term is defined by subdivision (3) of subsection (b) of the statute, which provides:

> "persons insured" means the named insured and, while resident of the same household, the spouse of any named insured and relatives of either, while in a motor vehicle or otherwise, and any person who uses with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies and a guest in the motor

vehicle to which the policy applies or the personal representative of any of the above or any other person or persons in lawful possession of the motor vehicle.

*Id.* § 20-279.21(b)(3). The Supreme Court has explained:

> [t]his section of the statute essentially establishes two "classes" of "persons insured": (1) the named insured and, while resident of the same household, the spouse of the named insured and relatives of either and (2) any person who uses with the consent, express or implied, of the named insured, the insured vehicle, and a guest in such vehicle.

*Sproles v. Greene*, 329 N.C. 603, 608, 407 S.E.2d 497, 500 (1991) (citation omitted).

The reason the applicability of an underinsured motorist policy depends on whether the claimant qualifies as a "person insured" is that "[i]n North Carolina, insurance coverage for damages caused by uninsured and underinsured motorists 'follows the person, not the vehicle[.]'" *Beddard v. McDaniel*, 183 N.C. App. 476, 645 S.E.2d 153, 153-54 (2007) (quoting *Nationwide Mut. Ins. Co. v. Mabe*, 115 N.C. App. 193, 204, 444 S.E.2d 664, 671 (1994)). The Supreme Court put it slightly differently in *Sproles*, observing that "[c]lass one insureds have UIM coverage even if they are not in a 'covered vehicle' when injured." 329 N.C. at 608, 407 S.E.2d at 500. The Supreme Court also noted in *Sproles* that "[a]ll other persons are class two insureds and are only covered while using [or guests in] 'the motor vehicle to which the policy applies.'" *Id.* Our Court has therefore described underinsured motorist insurance as

"essentially person oriented, unlike liability insurance[,] which is vehicle oriented." *Honeycutt v. Walker*, 119 N.C. App. 220, 222, 458 S.E.2d 23, 25 (1995).

## C. Application

In the present case, the parties do not dispute whether Defendant is a named insured under the policy issued to her by Plaintiff; instead, they dispute, amongst other things, whether Tennessee or North Carolina law supplies the legal standards applicable to determining whether Ms. Chapman was underinsured at the time of the accident. While Defendant's policy issued by Plaintiff is an insurance contract entered into by a North Carolina insurer and a North Carolina insured, and concerning the interests of a North Carolina citizen, and North Carolina law therefore applies to its construction and application, the policy does not cover her injuries from the May 2017 accident.[1] The limits of the policy issued by Plaintiff are $50,000 per person and $100,000 per accident, which are the same as the limits of the personal injury coverage under her sister's policy with Nationwide. Because these are the only two policies at issue, and the limits of Defendant's underinsured motorist coverage and her sister's personal injury coverage are equal, in this case "the sum of the limits

---

[1] The same would be true if the definition of underinsured vehicle under Tennessee law applied. Tennessee law terms underinsured motor vehicles "uninsured motor vehicles"; *see* Tenn. Code § 56-7-1202(a)(1) (2017); however, in essence the definition under Tennessee law mirrors that of North Carolina, providing that "'uninsured motor vehicle' means a motor vehicle . . . for which the sum of the limits of liability available to the insured under all . . . insurance policies . . . applicable . . . is *less* than the applicable limits of uninsured motorist coverage provided to the insured under the policy against which the claim is made[.]" *Id.* (emphasis added).

of liability under [the] bodily injury liability . . . policies applicable" *is not* less "than the applicable limits of underinsured motorist coverage[.]" N.C. Gen. Stat. § 20-279.21(b)(4) (2019). Defendant's sister's vehicle therefore was not underinsured as that term is defined by North Carolina law.

In arguing otherwise, Defendant contends—and the dissent accepts—that Defendant is entitled to "stack the $50,000.00 limit of UIM coverage in [Ms.] Chapman's Nationwide policy with the $50,000.00 limit of UIM coverage in [Defendant's] NCFB policy." *See infra* at ___ (Murphy, J., dissenting). But this argument smuggles its conclusion from its first premise. This conclusion would follow if Defendant and her sister were members of the same household because then, Defendant and her sister would both be class one insureds as that term was defined by our Supreme Court in *Sproles. See* 329 N.C. at 608, 407 S.E.2d at 500. If Defendant and her sister were members of the same household, both the underinsured motorist coverage of $50,000 per person and $100,000 per accident in Defendant's policy and the "uninsured" motorist coverage of $50,000 per person and $100,000 per accident in Defendant's sister's policy would qualify as "policies applicable" under N.C. Gen. Stat. § 20-279.21(b)(4); the sum of their limits would be more than the personal injury liability limits of $50,000 per person and $100,000 per accident in Defendant's sister's policy; and, therefore, the 2017 accident would be covered by Defendant's underinsured motorist policy because her sister's vehicle

would have been an "underinsured motor vehicle" at the time of the accident as North Carolina law defines that term. *See* N.C. Gen. Stat. § 20-279.21(b)(4) (2019). However, at the time of the accident, Defendant was a resident of North Carolina and Defendant's sister was a resident of Tennessee. The underinsured motorist coverage in each of their policies were not *both* "policies applicable" to the accident, and the vehicle was not underinsured under North Carolina law. *See id.*

### III. Conclusion

We affirm the order of the trial court because Defendant is not entitled to underinsured motorist coverage under her policy issued by Plaintiff.

AFFIRMED.

Judge STROUD concurs in result.

Judge MURPHY dissents by separate opinion.

No. COA19-458 – *N.C. Farm Ins. Bureau Mut. Ins. Co., Inc. v. Lunsford*

MURPHY, Judge, dissenting.

Judy Lunsford ("Lunsford"), a North Carolina citizen, was severely injured in a car accident while riding in the car with her sister, Levonda Chapman ("Chapman"), in Alabama. Chapman's insurance policy contemplated coverage for a Tennessee resident and her Tennessee-registered vehicle. Nevertheless, Chapman's policy plainly states that it must be adjusted to comport with the Financial Responsibility Acts ("FRA") of other states if need be. Lunsford's personal auto insurance policy with the Plaintiff, North Carolina Farm Bureau Mutual Insurance Company, Inc. ("NCFB"), provides for $50,000.00 of underinsured/uninsured motorist ("UIM") coverage. NCFB brought this suit seeking declaratory judgment that it does not need to pay out the UIM coverage limit here because Chapman's vehicle does not fit the definition of an "underinsured motor vehicle" under Tennessee law. However, because Chapman's vehicle is an underinsured motor vehicle under our FRA and Chapman's policy must comport with our FRA, I would hold Chapman's vehicle is an underinsured motor vehicle, and Lunsford is entitled to the $50,000.00 of UIM coverage under her NCFB auto insurance policy.

## BACKGROUND

This is a dispute over whether the Defendant-Appellant, Lunsford, is entitled to $50,000.00 of underinsured motorist coverage from her auto insurer, Plaintiff-Appellee NCFB. Lunsford was involved in a car accident while riding with her sister,

Chapman, in Alabama. Chapman lost control of her car, crossed the median of an interstate highway, and collided with a tractor-trailer. Chapman was killed and Lunsford sustained serious injuries.

At the time of the accident, Chapman was driving her car, which was covered by a Nationwide Insurance policy issued to her in her home state of Tennessee, with Lunsford as the sole passenger. Both Chapman's Nationwide policy and Lunsford's own auto insurance policy, issued by NCFB, provided coverage limits of $50,000.00 per-person and $100,000.00 per-accident. Nationwide has offered "the $50,000[.00] policy limit of its [bodily injury] liability coverage to Lunsford."

NCFB filed a *Complaint for Declaratory Judgment* in the Guilford County Superior Court seeking judicial decree "that the UIM coverage of [Lunsford's policy] does not apply to [her] injuries from the . . . motor vehicle collision in question and that [Lunsford] is not entitled to recover any UIM coverage from said policy regarding the . . . motor vehicle collision in question[.]" In answering NCFB's complaint, Lunsford argued that she is entitled to UIM coverage for three reasons: (1) she denied the applicability of Tennessee law in the interpretation of the Nationwide policy "as it relates to [NCFB's] North Carolina UIM policy" and, instead, argued "North Carolina law, and only North Carolina law, controls the interpretation of, and relationship between, a North Carolina UIM policy and any other insurance policy at issue"; (2) Lunsford argued NCFB's claim is either barred by or inconsistent with the

North Carolina FRA (N.C.G.S. § 20-279.21, et. seq.); and (3) Lunsford argued NCFB's claim is barred by existing North Carolina law and Lunsford's policy with NCFB.

The parties each moved for a judgment on the pleadings pursuant to N.C.G.S. § 1A-1, Rule 12(c), and, after a hearing on the motions, the trial court entered an order granting NCFB's motion for judgment on the pleadings, granting declaratory judgment in favor of NCFB, and denying Lunsford's motion for judgment on the pleadings. The trial court concluded the UIM policy "issued by [NCFB] to [Lunsford] does not apply to [Lunsford's] injuries from the [22 May 2017] motor vehicle collision in question and defendant is not entitled to recover any UIM coverage from [her NCFB] policy . . . ." Lunsford timely appeals.

## ANALYSIS

### A. Standard of Review

Lunsford notes in her brief that "[t]his appeal concerns entirely a matter of law, not fact, and therefore the appropriate standard of review . . . is de novo." As is true in the analogous situation where we receive an appeal from a grant of summary judgment, "[b]ecause the parties do not dispute any material facts, 'we review the trial court's order . . . de novo to determine whether either party is entitled to [declaratory judgment on the pleadings].'" *Lanvale Props., LLC v. Cty. of Cabarrus*, 366 N.C. 142, 149, 731 S.E.2d 800, 806 (2012) (quoting *Robins v. Town of Hillsborough*, 361 N.C. 193, 196, 639 S.E.2d 421, 423 (2007)) (internal alterations

omitted). "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (citation and internal quotation marks omitted).

### B. Declaratory Judgment

The only distinct issue on appeal is whether the trial court erred in granting NCFB's motion for judgment on the pleadings and, in turn, rendering a declaratory judgment that Lunsford is not entitled to the UIM coverage under her NCFB insurance policy. The parties' major point of disagreement on appeal, as below, is whether we should apply the North Carolina definition or the Tennessee definition of "underinsured motorist" in interpreting the meaning of that term as it relates to Lunsford's policy with NCFB. Lunsford is not entitled to receive UIM coverage unless Chapman's vehicle is an "underinsured motor vehicle."

In her brief, Lunsford argues Chapman's Nationwide policy is governed by "North Carolina law, and only North Carolina law," and should be interpreted as such. Lunsford further argues Chapman's car is underinsured pursuant to our statutes and caselaw and she is, therefore, entitled to the (to-date) unpaid $50,000.00 of UIM coverage contemplated in her policy with NCFB. NCFB concedes that Lunsford's argument would be correct if North Carolina law applies to Chapman's

policy with Nationwide but argues Tennessee law—not ours—governs the applicable definition of "underinsured motor vehicle."

Our General Statutes provide, "All contracts of insurance on property, lives, or interests in this State shall be deemed to be made therein, and all contracts of insurance the applications for which are taken within the State . . . are subject to the laws thereof." N.C.G.S. § 58-3-1 (2019). Lunsford's insurance policy with NCFB falls under this statute as an insurance contract entered into by a North Carolina insurer and North Carolina insured, and concerning the interests of a North Carolina citizen. The parties spent much of their briefs, as well as their oral arguments, arguing about the applicability of N.C.G.S. § 58-3-1—and the related caselaw regarding the nexus between the interests insured under the policy and North Carolina law—on Chapman's policy. *See, e.g.*, *Collins v. Aikman Corp. v. Hartford Accident & Indemnity Co.*, 335 N.C. 91, 95, 436 S.E.2d 243, 246 (1993). However, this statute and the related cases do not factor in to today's decision, which is based instead on the conformity clause in Chapman's policy, our caselaw on such clauses, and our FRA. The caselaw regarding the nexus between the interests insured under Chapman's policy and our laws do not play a role in this decision.

Chapman's policy explicitly incorporates our FRA, and I would hold North Carolina's UIM definition in the FRA applies and Lunsford is entitled to $50,000.00

of UIM coverage pursuant to her agreement with NCFB. This holding would apply regardless of any "nexus" between Chapman's policy and North Carolina.

In relevant part, our FRA defines "underinsured motor vehicle" as:

> *a highway vehicle* with respect to the ownership, maintenance, or use *of which, the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of underinsured motorist coverage for the vehicle involved in the accident and insured under the owner's policy.*

N.C.G.S. § 20-279.21(b)(4) (2019) (emphasis added). Lunsford's NCFB auto insurance policy incorporates our FRA, and defines "underinsured motor vehicle" as:

> [A] land motor vehicle or trailer of any type:
>
> 1. The ownership, maintenance or use of which is insured or bonded for liability at the time of accident; and
>
> 2. *The sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is equal to or greater than the minimum limit specified by the financial responsibility law of North Carolina* and:
>
>   a. is less than the limit of liability for this coverage; or
>
>   b. the total limit of liability available has been reduced to less than the limit of liability for this coverage by payment of damages to other persons.

Like Lunsford's policy, Chapman's Nationwide policy incorporates our FRA's definitions in certain circumstances, stating, "We will adjust this policy to comply . . . [w]ith the financial responsibility law of any state or province which

requires higher liability limits than those provided by this policy." We have held that where an out-of-state policy includes a conformity clause, "which, by its very terms, requires us to examine North Carolina law to determine" whether a certain kind of coverage is available, we will apply our laws in interpreting the out-of-state policy. *Cartner v. Nationwide Mut. Fire Ins. Co.*, 123 N.C. App. 251, 254, 472 S.E.2d 389, 391 (1996).

There was a provision nearly identical to the conformity clause in Chapman's policy in an out-of-state insurance policy at issue in *Cartner*, 123 N.C. App. at 252, 472 S.E.2d at 390. In *Cartner*, we reasoned that although the Florida insurance policy included a "family member exclusion," that exclusion did not comport with the "'kind[s] of coverage' required by North Carolina's [FRA]." *Id.* at 255, 472 S.E.2d at 291. We required the defendant to "adjust the limits of its Florida policy to provide such coverage to plaintiff's decedent as required by North Carolina [law]." *Id.* In following our precedent from *Cartner* here, Chapman's Nationwide policy must be adjusted to comport with our FRA's definition of an underinsured motor vehicle and the accompanying caselaw.

Tennessee law relies upon a different definition of "uninsured motor vehicles."[2] Tennessee does not consider a vehicle "uninsured" where that vehicle is "[i]nsured

---

[2] Tennessee does not differentiate between uninsured and underinsured motorists, both of which fall under the definition of "uninsured motorist." Tenn. Code Ann. § 56-7-1202 (West 2017).

under the liability coverage of the same policy of which the uninsured motor vehicle coverage is a part[.]" Tenn. Code. Ann. § 56-7-1202(2)(A) (West 2017). There is similar language in Chapman's insurance policy, which states that because she is entering into this insurance agreement to cover her car, that car can no longer be defined as an "uninsured motor vehicle." Applying only this part of Chapman's insurance policy and Tennessee's law, Lunsford would not receive UIM coverage under her policy with NCFB because her accident did not involve an underinsured highway vehicle.

However, our FRA's definition of "underinsured motor vehicle" is completely different from the one set out in Chapman's policy and Tennessee's statutes, and—as in *Cartner*—provides a different kind of coverage than what is contemplated in Chapman's policy. *See Cartner*, 123 N.C. App. at 255, 472 S.E.2d at 291. Unlike Chapman's policy, our FRA provides for UIM coverage in instances where, as here, the tortfeasor's vehicle was covered by a policy that had lower bodily injury liability limits than the applicable UIM limits in the victim's policy. N.C.G.S. § 20-279.21(b)(4) (2019). Pursuant to its conformity clause, Chapman's policy must be adjusted in order to comply with our definition of "underinsured motor vehicle," which requires more coverage than Chapman's policy would allow if applying Tennessee law.

For a UIM policy to be applicable under N.C.G.S. § 20-279.21(b)(4) the claimant must be a "person insured" under N.C.G.S. § 20-279.21(b)(3). Our Supreme Court has clarified that there are two classes of insureds:

> [N.C.G.S. § 20-279.21(b)(3)] essentially establishes two "classes" of "persons insured": (1) the named insured and, while resident of the same household, the spouse of the named insured and relatives of either and (2) any person who uses with the consent, express or implied, of the named insured, the insured vehicle, and a guest in such vehicle.

*Sproles v. Greene*, 329 N.C. 603, 608, 407 S.E.2d 497, 500 (1991). "Class one insureds have UIM coverage even if they are not in a covered vehicle when injured. All other persons are class two insureds and are only covered while using the motor vehicle to which the policy applies." *Id.* (internal marks omitted). In this case, Lunsford, as the named insured, is a class one insured with respect to the NCFB policy, meaning that she has UIM coverage under this policy "even if [she is] not in a covered vehicle when injured." *Id.* (internal marks omitted). She is also a class two insured with respect to Chapman's Nationwide policy as a guest in the insured vehicle with consent of the named insured, meaning she also has UIM coverage under this policy because she was "using the motor vehicle to which the policy applies." *Id.* (internal marks omitted). In sum, Lunsford is able to receive UIM coverage under her own NCFB policy because, as a class one insured, it follows her even though she was injured in Chapman's car. Additionally, she is able to receive UIM coverage under Chapman's

Nationwide policy because, as a class two insured, she was injured as a guest in a vehicle insured by Chapman's Nationwide policy.

In addition to the statutory definition of "underinsured motor vehicle," our caselaw provides that UIM limits in a tortfeasor's policy and the policy covering the injured passenger can be "stacked" to establish that the tortfeasor's car is an "underinsured highway vehicle." *Benton v. Hanford*, 195 N.C. App. 88, 94, 671 S.E.2d 31, 34 (2009). In *Benton*, much like the case *sub judice*, a guest in a car, Benton, was injured when the owner and operator of the car, Hanford, crashed the vehicle. *Id.* at 89, 671 S.E.2d at 32. There, we stacked the UIM coverage of $50,000.00 from the policy of the tortfeasor with the UIM coverage of $100,000.00 from the policy of the injured guest in the car to determine that the tortfeasor's car, which only carried $50,000.00 in liability coverage, was an underinsured motor vehicle under N.C.G.S. § 20-279.21(b)(4). *Id.* at 94, 671 S.E.2d at 35. Here, we should do the same; I would stack the $50,000.00 limit of UIM coverage in Chapman's Nationwide policy with the $50,000.00 limit of UIM coverage in Lunsford's NCFB policy. I would hold that, because the sum of the stacked UIM coverage ($100,000.00) is greater than the bodily injury liability limit of the Nationwide policy ($50,000.00), the tortfeasor's car (Chapman's) is an underinsured highway vehicle.

## **CONCLUSION**

Chapman's insurance policy states that it must be adjusted to comport with our FRA. Under our FRA, Chapman's vehicle fits the definition of an "underinsured motor vehicle." As Chapman's vehicle is an underinsured motor vehicle under North Carolina law, Lunsford is entitled to judgment on the pleadings and the $50,000.00 of UIM coverage under her NCFB insurance policy.

I respectfully dissent and would reverse.[3]

---

[3] I do not address the issue of which insurer providing UIM coverage is entitled to a credit for the payment of liability insurance by Nationwide because Nationwide is not a party to this action, despite our prior language that "[w]hen there is more than one UIM carrier involved, allocation of the credit for liability payments is necessary." *Benton*, 195 N.C. App at 95, 671 S.E.2d at 35 (citing *Onley v. Nationwide Mutual Ins. Co.*, 118 N.C. App. 686, 691, 456 S.E.2d 882, 885 (1995)).